Douglas R. Pahl, Bar No. 950476
DPahl@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile:  503.727.2222

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CORVALLIS HOSPITALITY, LLC, an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION, as TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF LCCM 20127-LC26 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2017-LC26; MIDLAND LOAN SERVICES, INC., a Delaware corporation; and BEACON DEFAULT MANAGEMENT, INC., a California corporation,<br><br>Defendants. | Case No. 6:22-cv-00024-MC<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO REMAND** |

Defendants Wilmington Trust, National Association, as Trustee, for the benefit of the holders of LCCM 2017-LC26 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2017-LC26 ("**Wilmington**"), Midland Loan Services, a division of PNC Bank, National Association ("**Midland**"), Beacon Default Management, Inc. ("**Beacon**", and collectively, "**Defendants**"), by and through their counsel of record, respond as follows in opposition to Plaintiff's Motion to Remand (the "**Motion**").  [ECF 7].

1-    DEFENDANTS' OPPOSITION TO MOTION TO REMAND

155920015.2

# TABLE OF CONTENTS

PAGE

I.      INTRODUCTION ...................................................................................... 7

II.     PROCEDURAL HISTORY......................................................................... 8

III.    STATEMENT OF FACTS .......................................................................... 9

IV.     ARGUMENT ........................................................................................... 11

1.      Burford ................................................................................................... 11

        a.      Oregon Has Not Concentrated Cases in Any Particular Court. ........... 12

        b.      The Federal Preemption Issues are Easily Separable From Complex
                Questions of State Law Where State Courts Have Special Competence........... 13

        c.      Federal Review Will Not Disrupt State Efforts to Establish a Coherent
                Policy. ..................................................................................................... 13

2.      Brillhart/Wilton – Declaratory Judgment Act................................................. 14

3.      Younger.................................................................................................... 15

        a.      First Younger Factor – Gating ............................................................ 15

        b.      Second Younger Factor – Important State Interest................................ 17

        c.      Third Younger Factor .......................................................................... 19

        d.      Fourth Younger Factor......................................................................... 19

4.      Colorado River ......................................................................................... 20

        a.      Jurisdiction over a *Res* ....................................................................... 21

        b.      Convenience of Forum......................................................................... 21

        c.      Piecemeal Litigation ........................................................................... 21

        d.      Order of Obtaining Jurisdiction .......................................................... 22

        e.      Source of Law...................................................................................... 22

        f.      Adequacy of State Forum..................................................................... 22

        g.      Forum Shopping................................................................................... 23

        h.      Resolution of All Issues....................................................................... 24

V.      CONCLUSION........................................................................................ 24

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# TABLE OF AUTHORITIES
## (CONTINUED)

PAGE(S)

CASES

*Allstate Ins. Co. v. Longwell*,
735 F. Supp. 1187 (S.D.N.Y.1990)........................................................21

*Almodovar v. Reiner*,
832 F.2d 1138 (9th Cir.1987) ...............................................................13

*American Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.*,
843 F.2d 1253 (9th Cir. 1988) ..............................................................20

*AmerisourceBergen Corp. v. Roden*,
495 F.3d 1143 (9th Cir. 2007) ........................................................17, 19

*Arevalo v. Hennessy*,
882 F.3d 763 (9th Cir. 2018) ...............................................................15

*Axos v. Rosenblum*,
No. 3:20-cv-01712-HZ, 2020 WL 7344594 (D. Or. Dec. 14, 2020) ..................8, 18

*Brillhart v. Excess Ins. Co. of America*,
316 U.S. 491 (1942).............................................................................14

*Burford v. Sun Oil Co.*,
319 U.S. 315 (1943).......................................................................11, 12

*Carnegie–Mellon Univ. v. Cohill*,
484 U.S. 343 (1988).............................................................................23

*City of Tucson v. U.S. West Comm's, Inc.*,
284 F.3d 1128 (9th Cir. 2002) ..............................................................13

*Colorado River Water Conservation Dist. v. U.S.*,
424 U.S. 800 (1976).............................................................................20

*Cook v. Harding*,
879 F.3d 1035 (9th Cir. 2018) ........................................................16, 17

*Farhoud v. Brown*,
No. 3:20-cv-2226-JR, 2022 WL 326092 (D. Or. Feb. 2. 2022) (Simon, J.) ............8

*Federal Deposit Insurance Corporation v. Nichols*,
885 F.2d 633 (9th Cir. 1989) ...............................................................20

# TABLE OF AUTHORITIES
## (CONTINUED)

**PAGE(S)**

*Fireman's Fund Ins. Co. v. Quackenbush*,
    87 F.3d 290 (9th Cir. 1996) ....................................................................13

*First State Ins. Co. v. Callan Assocs., Inc.*,
    113 F.3d 161 (9th Cir. 1997) ...................................................................23

*International Bhd. of Elec. Workers v. Public Serv. Comm'r*,
    614 F.2d 206 (9th Cir.1980) ....................................................................12

*Juidice v. Vail*,
    430 U.S. 327 (1977).................................................................................16

*Kamm v. ITEX Corp.*,
    568 F.3d 752 (9th Cir. 2009) ...................................................................23

*Kirkbride v. Continental Cas. Co*,
    933 F.2d 729 (9th Cir. 1991) ...................................................................12

*McKenzie Law Firm v. Ruby Receptionists, Inc.*,
    2019 WL 1867925 (D. Or. April 5, 2019) (Simon, J.) ........................20, 21, 22, 24

*Merritt-Chapman & Scott Corp. v. Frazier*,
    289 F.2d 849 (9th Cir. 1961) ...................................................................11

*Middlesex County Ethics Comm. v. Garden State Bar Assn.*,
    457 U.S. 423 (1982).................................................................................15

*Montanore Minerals Corp. v. Bakie*,
    867 F.3d 1160 (9th Cir. 2017) .................................................................22

*Moses H. Cone v. Mercury Constr. Corp.*,
    460 U.S. 1 (1983).....................................................................................20

*New Orleans Public Service, Inc. v. Council of City of New Orleans*,
    491 U.S. 350 (1989).............................................................................11, 17

*Oregon Bankers Assoc. v. Oregon*,
    Case No. 6:20-cv-01375-AA (D. Or.) ....................................................8, 19

*Piekarski v. Home Owners Sav. Bank*,
    743 F. Supp. 38 (D.D.C. 1990) ...............................................................20

*Potrero Hills Landfill, Inc. v. County of Solano*,
    657 F.3d 876 (9th Cir. 2011) ...............................................................17, 18

4-    DEFENDANTS' OPPOSITION TO MOTION TO
      REMAND

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

155920015.2

## TABLE OF AUTHORITIES
## (CONTINUED)

**PAGE(S)**

*Seneca Ins. Co. v. Strange Land, Inc.*,
862 F.3d 835 (9th Cir. 2017) ........................................................21, 22

*Snodgrass v. Provident Life and Acc. Ins. Co.*,
147 F.3d 1163 (9th Cir. 1998) ...........................................................15

*Sprint Communications v. Jacobs*,
571 U.S. 69 (2013)...........................................................................11, 16

*Tucker v. First Maryland Sav. & Loan, Inc.*,
942 F.2d 1401 (9th Cir. 1991) ...........................................................12

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995)...............................................................................14

**STATUTES**

15 U.S.C. § 9056(a)(2)............................................................................9

15 U.S.C. § 9056(b)(1) ...........................................................................9

28 U.S.C. § 1332 ....................................................................................7

28 U.S.C. § 1441 ....................................................................................7

28 U.S.C. § 1446 ....................................................................................7

28 U.S.C. § 1447(c) ..............................................................................23

28 U.S.C. § 2201 ..........................................................................7, 14, 15

CARES Act .............................................................................................10

Oregon Trust Deed Act.....................................................................8, 13, 22

ORS 3.260 ..............................................................................................12

ORS 3.275 ..............................................................................................12

ORS 46.405 ............................................................................................12

ORS 105.560 ..........................................................................................12

ORS 111.115 ..........................................................................................12

ORS 183.484 ..........................................................................................12

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE(S)**

ORS 197.796 ...................................................................................................................................12

**REGULATIONS**

OCC Bulletin 2020-62, "COVID-19 Relief Programs: Preemption" (June 17, 2020) ...................................................................................................................................10

**OTHER AUTHORITIES**

HB 4204 § 1(3) ...............................................................................................................................10

HB 4204 §§ 1(3)-(7) .......................................................................................................................10

HB 4204 § 1(8) ..........................................................................................................................10, 12

HB 4204 § 1(9) ...............................................................................................................................10

Or. Const. Art. VII, § 9 ...................................................................................................................12

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# I.    INTRODUCTION

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant removed Plaintiff's state court complaint, invoking the Court's diversity and federal question jurisdiction.  ECF 1.  In its Motion, Plaintiff argues this Court should abstain, citing four leading abstention doctrines – *Burford, Brillhart/Wilton, Younger* and *Colorado River* – and the United States Supreme Court decisions applicable to each.  Because Plaintiff cannot meet the high standards necessary to cause this Court to decline its "virtually unflagging" obligation to exercise its jurisdiction, the Motion should be denied.

The question at the center of this case is whether federal law preempts HB 4204 – an Oregon COVID-19 relief statute that expired over a year ago after six months' duration.  This Court is particularly well suited to address the interplay between federal and state law and is just as well suited as an Oregon circuit court to resolve questions of state law, as it is often called to do pursuant to its diversity jurisdiction.

Abstention is not merited under any of the four doctrines cited by Plaintiff.  First, *Burford* abstention requires a showing that the state has chosen to concentrate suits involving complex issues of state law in a specialized court.  Yet, HB 4204 provides for suits to be brought in any of Oregon's 27 circuit courts – trial courts of general jurisdiction.   Second, *Brillhart/Wilton* abstention may be invoked when a party asserts a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201.  No such claim has been asserted in this case, rending the *Brillhart/Wilton* doctrine inapplicable.   Third, *Younger* abstention is limited to state criminal or quasi-criminal civil enforcement proceedings.  No such proceeding is involved here.

Finally, among its eight factors, *Colorado River* abstention requires the existence of a concurrent state proceeding.  In fact, each of the four abstention doctrines cited by Plaintiff appear to require the existence of an ongoing parallel state proceeding.  It is noteworthy that all but one of the abstention cases cited by Plaintiff involve one or more concurrent state proceedings.  And yet here Plaintiff can point to no such parallel or concurrent proceeding.  That is because

7-    DEFENDANTS' OPPOSITION TO MOTION TO
      REMAND

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Defendants removed the state proceeding initiated by Plaintiff. Once removed, the state court case became a federal court case. No state proceeding exists *concurrently* for abstention purposes.

Other than the present case, Defendants have located other federal cases. The only active case involving HB 4204 appears to be pending before this Court (*Oregon Bankers Assoc. v. Oregon*, Case No. 6:20-cv-01375-AA (D. Or.)). Another case involving a challenge to HB 4204 has now been closed (*Axos v. Rosenblum*, No. 3:20-cv-01712-HZ, 2020 WL 7344594, * 3 (D. Or. Dec. 14, 2020), concluding HB 4204 does not authorize the state attorney general to bring enforcement actions); *see also Farhoud v. Brown*, No. 3:20-cv-2226-JR, 2022 WL 326092 (D. Or. Feb. 2. 2022) (Simon, J.) (involving claims against eviction moratorium).

At bottom, Plaintiff seeks a remand of this case because it prefers the state court forum. But abstention doctrines are not a vehicle for forum-shopping; they are narrow exceptions to the general rule that federal courts must exercise jurisdiction when they have it. Because it is not disputed federal subject-matter jurisdiction is present, and because none of the doctrines cited by Plaintiff apply in this case, this Court should continue to exercise its jurisdiction and deny the Motion.

## II.    PROCEDURAL HISTORY

On December 14, 2021, Plaintiff filed its complaint in Benton County, Oregon, naming Defendants and asserting violations of HB 4204 and the Oregon Trust Deed Act, breach of the covenant of good faith and fair dealing, and seeking injunctive relief.

The state court conducted no substantive hearings in the case. By agreement of the parties, the court entered a temporary restraining order on December 21, 2021 and set the matter for a preliminary injunction hearing to occur on January 13, 2022.

On January 5, 2022, prior to that hearing, Defendants filed their Notice of Removal, asserting both diversity of citizenship and federal question jurisdiction [ECF 1]. On January 24, 2022, Defendants filed their Answer to Complaint, Affirmative Defenses and Counterclaims ("**Answer**"), asserting, among other things, federal preemption as an affirmative defense [ECF 5].

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

On February 4, 2022, Plaintiff filed the Motion [ECF 7].

### III.    STATEMENT OF FACTS

As set forth in its Answer, Defendants reject many aspects of the narrative presented by Plaintiff.  Much of this narrative is not pertinent to the Motion.  The following facts are pertinent.

Plaintiff is the borrower under the Loan Documents, as defined in the Answer.   Defendant Wilmington is a nationally chartered financial institution.  Defendant Midland, the special servicer, is a nationally chartered financial institution.  Defendant Beacon is the trustee under the applicable deed of trust.

In the Complaint, borrower describes its efforts to obtain from Defendants various financial accommodations that are at variance with the Loan Documents. Plaintiff asserts that applicable Oregon law, specifically HB 4204, requires Defendants to grant such accommodations, including deferring certain monthly loan payments, waiving default interest, late fees, servicing fees, legal fees, as well as relinquishing remedies provided under the Loan Documents.

Defendants have contended HB 4204 is inapplicable to them because it is preempted by federal law.

This dispute occurs against the backdrop of the COVID-19 pandemic.  Wilmington and Midland, along with virtually every other national bank in the nation, have worked with scores of borrowers to navigate the economic challenges brought about by the pandemic, including working to modify or waive loan obligations.  They have engaged in these efforts based on the specific circumstances faced by each borrower, in light of the banks' obligations to stakeholders, and in recognition of their duties as national banks to the safety and soundness of the uniform national banking system.  In addition, they have worked within the restrictions of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, which imposed various requirements on banks, including temporary prohibitions on certain types of foreclosures.  *See, e.g.*, 15 U.S.C. § 9056(a)(2), (b)(1).

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

After enactment of the CARES Act, the Office of the Comptroller of Currency ("OCC") issued a bulletin cautioning state and local governments that federal law "preempt[s] state laws that conflict with the real estate lending powers of banks and specifically preempt[s] state laws that interfere with banks' ability to make mortgage loans secured by real estate." OCC Bulletin 2020-62, "COVID-19 Relief Programs: Preemption" (June 17, 2020). The OCC warned against state and local governments' attempts to impose additional restrictions on banks: "the proliferation of a multitude of competing requirements will conflict with banks' ability to operate effectively and efficiently, potentially increasing the risk to banks' safety and soundness and ultimately harming consumers." *Id.*

That same month, the Oregon legislature, in disregard of the OCC's guidance, rapidly passed HB 4204, which became effective Jun 30, 2020. The law purports to fundamentally alter the existing contractual rights of parties to loans secured by interests in real estate, such as the Loan involved here. During the "emergency period" – which applied retroactively from March 8, 2020 and terminated on December 31, 2020 – lenders were required to forbear if notified by a borrower "that the borrower will not be able to make the periodic installment payment." HB 4204 § 1(3). The law required lenders to permit such borrowers to postpone until loan maturity any regular payment skipped. *Id*. Lenders were barred from exercising various contractual rights they might otherwise have in response to missed payments, including assessing charges or fees, imposing default interest, and seeking foreclosure, among other remedies. *Id*. at §§ 1(3)-(7).

HB 4204 empowers private borrowers to "bring an action in a circuit court of this state" to recover their actual damages, costs, and attorney fees. *Id*. at § 1(8). The statute includes no role for the state to implement or enforce the statute. Finally, HB 4204 requires all lenders authorized to do business in Oregon to "provide written notice by mail to all of the lender's borrowers of a borrower's rights for accommodation under this section." *Id*. at § 1(9).

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

# IV.    ARGUMENT

Plaintiff raises no substantive objection to Defendants' removal and does not dispute that federal subject-matter jurisdiction is present in this case.  Instead, Plaintiff asks the Court to abstain in favor of a concurrent state proceeding that does not exist, before a specialized court that has not been identified, to permit the state to develop a coherent policy for a statute that expired over a year ago, in which the state retained no role in implementation or enforcement.

The starting point for any abstention analysis must be that a district court is obliged to hear cases within its jurisdiction, and abstention is the exception, not the rule.  "In the main, federal courts are obliged to decide cases within the scope of federal jurisdiction." *Sprint Communications v. Jacobs*, 571 U.S. 69, 72 (2013).  The Supreme Court has cautioned that a federal court has a "virtually unflagging" obligation to hear and decide a case within its jurisdiction.  *Id.* at 77, *citing Colorado River Water Conservation Dist. v. U.S*., 424 U.S. 800, 817 (1976).  The existence of "[p]arallel state-court proceedings do[es] not detract from that obligation," *id*., nor does "the mere fact the District Court in the exercise of its diversity jurisdiction is obliged to make decisions based upon its interpretation of state law. . . ."  *Merritt-Chapman & Scott Corp. v. Frazier*, 289 F.2d 849, 853-54 (9th Cir. 1961) (*citing Meredith v. City of Winter Haven*, 320 U.S. 228, 234 (1943).

For the reasons set forth below, Plaintiff does not and cannot satisfy the exacting standards required to invoke any of the four abstention doctrines it cites.  The Motion should be denied.

## 1.    Burford

In *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989), the Supreme Court clarified its decision in *Burford v. Sun Oil Co*., 319 U.S. 315 (1943), emphasizing that federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.  The one or the other would be treason to the Constitution." *Id., citing  Cohens v. Virginia*, 6 Wheat. 264, 404, 5 L.Ed. 257 (1821).  "'[T]he courts of the United States are bound to proceed to judgment and to afford redress to suitors before them in every case to which their jurisdiction extends." *Id.*

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

The Court recognized "there are some classes of cases in which the withholding of authorized equitable relief because of undue interference with state proceedings is 'the normal thing to do,'" but reiterated that abstention remains "the exception, not the rule." *Id.* at 359 (citations omitted).

Under Ninth Circuit precedents, *Burford* abstention is only appropriate where: "(1) ... the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) . . . federal review might disrupt state efforts to establish a coherent policy." *Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1405 (9th Cir. 1991).

### a.    Oregon Has Not Concentrated Cases in Any Particular Court.

Section 8 of HB 4204 provides private parties the right to bring an action in any of Oregon's 27 circuit courts.  In Oregon, circuit courts are courts of general jurisdiction, serving as the trial courts for the majority of civil and criminal matters.  Indeed, the Oregon Constitution grants to circuit courts "[a]ll judicial power, authority, and jurisdiction" which is not specifically reserved for other courts.  Or. Const. Art. VII, § 9.  For that reason, possibly hundreds of state statutes identify circuit courts as the proper state court forum to file and litigate all manner of cases, including juvenile matters, ORS 3.260, family disputes, ORS 3.275, estate proceedings, ORS 111.115, administrative law matters, ORS 183.484, nuisance actions, ORS 105.560, small claims actions, ORS 46.405, land-use cases, ORS 197.796, and on and on.

Oregon's circuit courts are not the sort of specialized court system envisioned by *Burford* and its progeny.  *See, e.g., Burford*, 319 U.S. at 320, 325 (Texas created a comprehensive system of administrative and judicial review, concentrating certain oil and gas suits in a single state district court in Travis County); *Kirkbride v. Continental Cas. Co*, 933 F.2d 729, 734 (9th Cir. 1991) ("The fact that California has not established a specialized court system to resolve disputes over insurance policy coverage convinces us that application of the *Burford* doctrine to this case is unwarranted."); *International Bhd. of Elec. Workers v. Public Serv. Comm'r*, 614 F.2d 206, 211

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

(9th Cir.1980) (*Burford* abstention not appropriate where "Nevada has not concentrated challenges to the Commission's regulatory orders in any particular or specialized court; such suits may arise in any state district court"); *Almodovar v. Reiner*, 832 F.2d 1138, 1141 (9th Cir.1987) (*Burford* abstention is inappropriate when "California has not established a specialized court system").

Because Oregon did not concentrate suits involving HB 4204 in any particular court, but instead directed them to courts of general jurisdiction, the first *Burford* factor has not been met.

**b.**      **The Federal Preemption Issues are Easily Separable From Complex Questions of State Law In Which State Courts Have Special Competence.**

The issues involved here are not complex and Plaintiff's suggestion that interpretation of Oregon law pertaining to HB 4204 or the Oregon Trust Deed Act are unconvincing.  Plaintiff's bare assertion that Oregon circuit courts have special competence in these areas, without more, is insufficient.  Oregon created no special system for the implementation of or challenges to HB 4204.  Instead, private borrowers must go to the state trial courts.

This Court is often asked to decide questions of state law.  "[A] federal district court, sitting in diversity and applying the laws of [the state], is as competent to hear this case as any state court." *City of Tucson v. U.S. West Comm's, Inc.*, 284 F.3d 1128, 1133 (9th Cir. 2002) (second Burford element not met where Arizona lacked statewide franchising scheme and state courts no more competent that federal courts to address questions of state law).  Cf. *Fireman's Fund Ins. Co. v. Quackenbush*, 87 F.3d 290, 297 (9th Cir. 1996) (second Burford element satisfied because set of cases were consolidated before a single judge of special competence).  The second Burford factor is not satisfied.

**c.**      **Federal Review Will Not Disrupt State Efforts to Establish a Coherent Policy.**

HB 4204 became effective on June 30, 2020 and expired on December 31, 2020.  It was a six-month statute that expired over a year ago.  There is no evidence that the State of Oregon is taking steps to establish policy, coherent or otherwise, pertaining to this expired statute.  There is certainly no indication that any efforts by the state would be disrupted by federal review.

13-   DEFENDANTS' OPPOSITION TO MOTION TO
      REMAND

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

The third and final Burford factor appears to be inapplicable to this case.

### 2.    Brillhart/Wilton – Declaratory Judgment Act

Defendants' Answer [ECF 5] raises affirmative defenses and asserts counterclaims, including federal preemption.  However, Defendants do not invoke the Declaratory Judgment Act, 28 U.S.C. 2201 (the "DJA"), an essential element of the *Brillhart/Wilton* abstention doctrine.

Plaintiff seeks to recast Defendants' defenses and counterclaims as though they arise under the DJA.  Plaintiff does this in an effort to access the substantial discretion available to the Court when considering whether to stay federal claims under the DJA pending the conclusion of concurrent state court proceedings.  Plaintiff quotes from *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 495 (1942) that: "ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not covered by federal law, between the same parties."  Such "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."  *Id*.  Motion at 15.  Plaintiff also cites *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995), a case with "circumstances virtually identical to [*Brillhart*]."

The permissive *Brillhart/Wilton* standard is not applicable here because no concurrent state court proceeding exists.  As a result, this Court cannot engage in the comparative analysis developed in *Brillhart* and *Wilton*.  Plaintiff initiated this proceeding in state court.  Defendants removed the action, at which time the state proceeding ceased to exist.  By contrast, both *Brillhart* and *Wilton* involved separate and concurrent federal and state proceedings, with the federal proceeding including a clear DJA claim.

In addition to the lack of a concurrent state proceeding here, the lack of any claim under the DJA presents another material distinguishing feature that renders application of *Brillhart/Wilton* doctrine inappropriate.  Indeed, if plaintiffs could obtain remand by casting an affirmative defense as a claim under the DJA, then virtually every affirmative defense that calls

upon federal courts to decide a question of law would trigger *Brillhart/Wilton* and enable remand. This cannot be the law.

Finally, abstention under *Brillhart/Wilton* is not appropriate here because there are independent bases for this Court's subject matter jurisdiction outside any purported DJA claim. "Most cases in this field [of *Brillhart/Wilton* abstention] involve actions that are purely or primarily declaratory in nature: typically, claims in which an insurance company seeks a declaration that it has no duty to defend a third party in an underlying dispute." *Snodgrass v. Provident Life and Acc. Ins. Co.,* 147 F.3d 1163, 1167 (9th Cir. 1998). "As we recently explained, 'when other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief.'" *Id.* quoting *Government Employees Ins. Co. v. Dizol*, 133 F3d 1220, 1225 (9th Cir. 1998) (en banc).

When, as here, claims "exist independent of the request for a declaration," such claims "are not subject to the Declaratory Judgment Act's discretionary jurisdictional rule." *Id.* at 1167.

### 3.    Younger

*Younger* abstention may be appropriate when: (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicate[s] important state interests"; (3) there is "an adequate opportunity in the state proceedings to raise constitutional challenges"; and (4) the requested relief "seek[s] to enjoin" or has "the practical effect of enjoining" the ongoing state judicial proceeding. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018).

#### a.    First Younger Factor – Gating

In addition to the classic *Younger* factors listed above, there is a gating function applicable to *Younger* abstention. In 2013, a unanimous Supreme Court retethered *Younger* abstention to its original criminal and quasi-criminal foundation.

In *Sprint*, the Court took issue with the Eighth Circuit's expansive interpretation of the Supreme Court's prior decision in *Middlesex County Ethics Comm. v. Garden State Bar Assn.*, 457

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

U.S. 423, 433–434 (1982).  The Eighth Circuit read *Middlesex* to mean "that *Younger* abstention is warranted whenever there is (1) an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) ... provide[s] an adequate opportunity to raise [federal] challenges."  *Sprint*, 571 U.S. at 81.  Writing for the Court, Justice Ginsburg described the hazards of the Eighth Circuit's expansion of *Younger*: "Divorced from their quasi-criminal context, the three *Middlesex* conditions would extend *Younger* to virtually all parallel state and federal proceedings, at least where a party could identify a plausibly important state interest."  *Id.*

Justice Ginsburg firmly emphasized that *Younger* abstention applies only to a narrow class of actions: (1) "state criminal prosecutions," (2) "civil enforcement proceedings," and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Id.* at 78.  "We have not applied *Younger* outside these three 'exceptional' categories, and . . . *they define Younger's scope*."  *Id.* (emphasis added).  "In short, to guide other federal courts, we today clarify and affirm that *Younger* extends to the three 'exceptional circumstances' . . . *but no further*."  *Id.* at 82 (emphasis added).

The Ninth Circuit recognized this limitation, noting that *Sprint* limits *Younger* abstention to criminal cases and two types of civil cases.  In *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018), the Ninth Circuit observed the application of *Sprint* on the *Younger* doctrine:

> After more than forty years of unchecked doctrinal expansion, the Supreme Court changed course and made clear that *Younger* abstention was appropriate only in the two 'exceptional' categories of civil cases it had previously identified: (1) 'civil enforcement proceedings'; and (2) 'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.' . . . Our circuit soon adapted our law to comply with this holding.  We explained that *Sprint* resolved any 'interpretive dilemmas' about the types of proceedings to which *Younger* applies when it 'squarely' held that abstention in civil cases is limited to these two categories."

Here, Plaintiff's complaint is not a civil enforcement proceeding nor is it a "civil proceeding involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Sprint*, 571 U.S. at 78.  Examples of the latter category include

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

quasi-criminal proceedings that involve the issuance of civil contempt orders.  *See, e.g., Juidice v. Vail*, 430 U.S. 327, 336, n. 12 (1977).  More to the point, the Supreme Court has cautioned that "it has never been suggested that *Younger* requires abstention in deference to a state judicial proceeding reviewing *legislative* or executive action.  Such a broad abstention requirement would make a mockery of the rule that only *exceptional circumstances* justify a federal court's refusal to decide a case in deference to the States."  *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989) (emphasis added).

Plaintiff urges this Court to apply *Younger* abstention in the expansive manner that was starkly rejected in *Sprint*.  Like the Eighth Circuit's overly broad interpretation of *Middlesex*, Plaintiff elevates deference to the states over the Court's obligation to hear matters properly before it.  Because this case does not fall within any of the three gating categories described in *Sprint*, *Younger* abstention is not appropriate.

*Younger* is not a multi-factor balancing test.  "When each of the [*Younger*] doctrine's requirements are not strictly met, the doctrine should not be applied."  *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007).  Accordingly, this Court's analysis can end here because at least one element of *Younger* is not satisfied.

If the Court elects to proceed with the analysis, as set forth below, Plaintiff fails to meet the remaining *Younger* requirements.

**b.    Second Younger Factor – Important State Interest**

Plaintiff does not satisfy the second element of *Younger* because the state court proceedings do not "implicate important state interests."

Certain types of judicial proceedings must be implicated before *Younger* abstention can be invoked. The Ninth Circuit has "emphasize[d] that federal courts cannot ignore *Sprint's* strict limitations on *Younger* abstention simply because states have an undeniable interest in [a certain area of policy or] law."  *Cook*, 879 F.3d at 1040.  The underlying state litigation here doesn't involve the type of proceedings identified in *Sprint*.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

In *Potrero Hills Landfill, Inc. v. County of Solano*, 657 F.3d 876 (9th Cir. 2011), the court reversed the trial court's application of the *Younger* abstention doctrine.  The court held that the "important state interest" element of *Younger* had not been satisfied because the underlying state proceedings were filed by private interest groups and "therefore . . . would not offend the principles of comity and federalism . . . ."  *Id*. at 879.  The court further reasoned that "the state *mandamus* actions do not implicate any important state interests vital to the operation of state government," *id*. at 883, and went on to reject the district court's conclusion enforcing local solid waste ordinances was an important state interest.  *Id*. at 884-85.  The court stated: "it is not the bare subject matter of the underlying state law that we test to determine whether the state proceeding implicates an 'important state interest' for *Younger* purposes.  Were that so, then any ordinary civil litigation between private parties requiring the interpretation of state law would pass *Younger* muster.  Rather, the content of state laws becomes 'important' for *Younger* purposes only when coupled with the state executive's interest in enforcing such laws."

Based on the Ninth Circuit's decision in *Potrero Hills*, as amplified by the Supreme Court's ruling in *Sprint* two years later, the message is clear: only certain types of state-involved civil enforcement actions qualify for *Younger* abstention.

Here there is an insufficient state interest because the underlying state litigation was not initiated by the state nor was it or could it be a civil enforcement action.  In fact, the State of Oregon has no meaningful role in implementing or enforcing HB 4204.  In *Axos Bank*, 2020 WL 7344594 at *3, this Court observed that "HB 4204 does not authorize Defendant [the Oregon Attorney General] to bring any type of enforcement action against lenders who violate the bill. Indeed, counsel for Defendant conceded as much at oral argument.  Rather, HB 4204 is designed to be enforced through its private right of action. This private right can only be enforced by Borrowers and Guarantors, not Defendant."  *Id*.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

In short, because enforcement of HB 4204 is left to private parties, such as Plaintiff, and is not coupled to enforcement of any kind by the state, the statute does not become an "important state interest" for *Younger* purposes.

### c.    Third *Younger* Factor – Adequate Opportunity to Litigate Federal Claims

Again, no concurrent state action exists.  In fact, the only other action is pending in this Court. *See Oregon Bankers Association v. State of Oregon*, et al, 6:20-cv-01375-AA.

Generally, in approaching this factor, courts consider whether the ongoing concurrent state proceeding provides a sufficient opportunity for parties to litigate their federal claims.  Lacking such a concurrent state proceeding, Plaintiff nevertheless urges the Court to imagine a hypothetical concurrent state forum that would be created upon remand and to conclude that such a hypothetical court would adequately address the federal issues that lay at the heart of this case.  This invitation impermissibly shifts the burden to the party asking that federal jurisdiction be maintained to prove the inadequacy of a hypothetical state forum.  This approach ignores the long-standing premises that federal courts have an obligation to hear cases within their jurisdiction and that abstention may be invoked only if narrow and exceptional circumstances are present.

The third *Younger* factor is not applicable.

### d.    Fourth *Younger* Factor – Federal Action Will Not Enjoin the State Action

Again, there is no state action to enjoin, once again raising the question whether *Younger* abstention is appropriate at all following a properly removed case.  Because there is no concurrent state action that could be enjoined by this federal proceeding, the fourth *Younger* factor is also inapplicable.

Even if such a concurrent proceeding existed, and even if it involved overlapping issues with those present here, "the Supreme Court has rejected the notion that federal courts should abstain whenever a suit involves claims or issues simultaneously being litigated in state court

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

merely because whichever court rules first will . . . preclude the other from deciding that claim or issue." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1151 (9th Cir. 2007).

### 4.    Colorado River

Plaintiff also requests abstention under the *Colorado River* doctrine, another variation of abstention that presupposes the existence of a concurrent state proceeding.  When faced with such parallel state and federal proceedings, the Ninth Circuit has recognized the following eight factors to be considered in determining whether a stay or dismissal under *Colorado River* is appropriate:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*McKenzie Law Firm v. Ruby Receptionists, Inc.*, 2019 WL 1867925, *1 (D. Or. April 5, 2019) (Simon, J.).

In *Colorado River*, the Court emphasized that abstention is an "extraordinary and narrow exception to the duty of the District Court to adjudicate a controversy properly before it," appropriate only in "exceptional circumstances," 424 U.S. at 813, and that "[o]nly the clearest of justifications will warrant dismissal." *Id.* at 819.  "[T]he decision whether to dismiss a federal action because of parallel state court-litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. *Moses H. Cone v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983); *see also American Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1256 (9th Cir. 1988) ("discretion must be exercised within the narrow and specific limits prescribed [and] within the 'exceptional circumstances' limits of the *Colorado River* abstention doctrine").

As a threshold matter, the *Colorado River* doctrine is limited to "situations involving the contemporaneous exercise of concurrent jurisdictions, either by the federal courts or by state and

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

federal courts." *Federal Deposit Insurance Corporation v. Nichols*, 885 F.2d 633, 638 (9th Cir. 1989) (*quoting Colorado River*, 424 U.S. at 817); *see also Piekarski v. Home Owners Sav. Bank*, 743 F. Supp. 38, 42 (D.D.C. 1990) ("However, "*Colorado River* is inapplicable.  There is no concurrent state proceeding to which this Court can defer in the instant case.  Instead, there is one case, which originally was in state court, but now has been properly removed to federal court."); *Allstate Ins. Co. v. Longwell*, 735 F. Supp. 1187, 1192 (S.D.N.Y.1990) (*Colorado River* abstention is not appropriate when case has been removed to federal court because "there is no longer anything pending in the state courts").

Despite Plaintiff's failure to meet the threshold requirement of a concurrent state proceeding, Defendants will address each of the eight *Colorado River* factors.

### a.    Jurisdiction over a *Res*

The first factor is not implicated.  Although this case involves a specific real property interest, because there are no concurrent state proceedings, there is no possibility that parallel proceedings will result in inconsistent disposition of a single piece of property.  *See Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017).

### b.    Convenience of Forum

The second factor is not significantly implicated.  Although Plaintiff is an Oregon limited liability company, it maintains its principal place of business in Spokane, Washington.  There is no concurrent state court action against which the Court can compare for relative convenience.  Corvallis, the location of the pre-removal state court action, and Eugene, the location of this proceeding, are separated by just 40 miles.  Both parties are represented by counsel located in Portland, located 85 miles from Corvallis and 110 miles from Eugene.  Given the marginal geographical differences involved, this factor does not support abstention.  *See Seneca*, 862 F.3d at 842 n.1.

### c.    Piecemeal Litigation

Because a precondition of the doctrine is the existence of concurrent state court proceeding, "any case in which *Colorado River* is implicated will necessarily involve some possibility of

21-  DEFENDANTS' OPPOSITION TO MOTION TO
REMAND

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

conflicting results and piecemeal litigation." *McKenzie Law Firm*, 2019 WL 1867925 at *3. "[C]onflicting results, piecemeal litigation, and some duplication of judicial effort is the unavoidable price of preserving access to . . . federal relief." *Id., quoting Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines*, 925 F.2d 1193, 1195 (9th Cir. 1991).

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Montanore Minerals Corp. v. Bakie*, 867 F.3d 1160, 1167 (9th Cir. 2017) (*quoting Am. Int'l Underwriters*, 843 F.2d at 1258). The interest in avoiding piecemeal litigation is a "substantial factor in the *Colorado River* analysis." *Seneca*, 862 F.3d at 842. Because of the absence of parallel litigation, there is no risk of piecemeal litigation here. This factor also weighs against abstention.

### d.    Order of Obtaining Jurisdiction

Again, this factor assumes the existence of concurrent state court litigation. The reviewing court is to consider which was filed first, the federal action or the concurrent state court action. Because there is no concurrent state action, this factor cannot be applied and therefore it weighs against abstention.

### e.    Source of Law

The present action involves application of both state and federal law. "The presence of federal-law issues always weighs heavily 'against surrender,' but the converse is not automatically true." *McKenzie Law Firm*, 2019 WL 1867925 at*4, *quoting R.R. Street & Co. v. Transp. Ins. Co*, 656 F.3d. 966, 980 (9th Cir. 2011). "[T]he presence of state-law issues may weigh in favor of that surrender only in some rare circumstances." *Id*. (quotations and citations omitted). Plaintiff's Complaint includes claims of breach of the implied covenant of good faith, violations of the Oregon Trust Deed Act and HB 4204, and injunctive relief, the last of which is now likely moot. These are the sorts of state law claims this Court is fully capable of resolving. *Id*. (breach of contract claims are not "rare circumstances"). This factor does not support abstention.

### f.    Adequacy of State Forum

22-    DEFENDANTS' OPPOSITION TO MOTION TO REMAND

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

A district court should not dismiss or stay a federal proceeding if there is a danger that the remaining state court action might not "adequately protect the rights of the federal litigants." *Id*. at *5, *quoting R.R. Street*, 656 F.3d at 981. Again, this factor assumes the existence of a concurrent state proceeding that this Court can assess to determine if is likely to adequately protect the rights of federal litigants. Where no concurrent proceeding exists, the Court cannot engage in that protective analysis.

Generalizations about a federal court's ability to address federal issues and a state court's ability to address state law issues do not replace the Court's analysis under this factor of *Colorado River* abstention doctrine. Because the Court cannot meaningfully engage in this comparative analysis, this factor also weighs against abstention.

### g.    Forum Shopping

Plaintiff contends Defendants have engaged in forum shopping by removing this action to federal court. Defendants admit they timely removed the state court action pursuant to federal law. "[T]he desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III." *First State Ins. Co. v. Callan Assocs., Inc.*, 113 F.3d 161, 162 (9th Cir. 1997). Exercising removal rights is not evidence of forum shopping any more than Plaintiff's filing of the complaint in state court should be.

It is worth noting that Plaintiff's Motion does not substantively challenge Defendants' removal, as it appears to be undisputed that federal subject-matter jurisdiction is present here. Plaintiff's motion is not one to which 28 U.S.C. 1447(c) applies. Instead, the Motion asks the Court to decline to exercise its jurisdiction over this case. "The Supreme Court has explicitly held that remands based on abstention and a refusal to exercise supplemental jurisdiction are not covered by § 1447(c)." *Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir. 2009) (*citing Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996) (abstention); *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 355 n. 11 (1988) (supplemental jurisdiction).

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Defendants acted within their rights and properly and timely removed this action. The Court should decline Plaintiff's invitation to label Defendants' removal as forum shopping. In the absence of any meaningful suggestion of forum shopping, this factor weighs against abstention.

### h.    Resolution of All Issues

The final factor rings the familiar bell, again highlighting the absence of a concurrent state proceeding. Under this factor, the Court is to ask whether the *state court action* "sufficiently parallels the federal court proceeding to ensure a 'comprehensive disposition of litigation.'" *McKenzie Law Firm*, 2019 WL 1867925 at*4, *quoting Colorado River*, 424 U.S. at 817. Because there is no parallel proceeding, the Court is unable to engage in the analysis. Instead, because there is one – and only one – proceeding, the federal proceeding will provide a comprehensive disposition. Like the others, this final factor weighs against abstention.

## V.    CONCLUSION

The present case does not fit within any of the four abstention doctrines cited by Plaintiff. Defendants properly removed this case. This Court has subject-matter jurisdiction. There is no concurrent state court proceeding, a precondition to application of most abstention authority, and Oregon has not assigned cases of this nature to specialized courts.

For the reasons stated above, the Motion should be denied.

Respectfully submitted.

DATED: February 18, 2022.                    **PERKINS COIE LLP**

By: */s/ Douglas R. Pahl*
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000