UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **CORVALLIS HOSPITALITY, LLC**, an Oregon limited liability company, | Case No. 6:22-cv-00024-MC |
| | OPINION & ORDER |
| Plaintiff, | |
| v. | |
| **WILMINGTON TRUST, NATIONAL ASSOCIATION,** as **TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF LCCM 2017-LC26 MORTGAGE TRUST COMMERICAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2017-LC26; MIDLAND LOAN SEVICES, INC.,** a Delaware corporation; and **BEACON DEFAULT MANAGEMENT, INC.,** a California corporation, | |
| Defendants. | |

_____

MCSHANE, District Judge:

Plaintiff Corvallis Hospitality originally brought this suit in Benton County Circuit Court, alleging that Defendants Wilmington Trust, Midland Loan Services, and Beacon Default Management violated Oregon House Bill 4204 ("HB 4204").[1] *See* Defs.' Notice Removal, Ex. 1, ECF No. 1. Defendants removed the case to this Court on the basis of diversity jurisdiction.

---

[1] HB 4204 was passed in June 2020 in response to the COVID-19 pandemic and offered certain protections for borrowers during the "emergency period" (March 8, 2020 to December 31, 2020), including deferred payments and dismissal of foreclosure proceedings. H.B. 4204, 80th Legis. Assemb., 2020 First Spec. Sess. (Or. 2020).

1 – OPINION & ORDER

Before the Court is Plaintiff's Motion to Remand, ECF No. 7. Because there are no grounds for abstention, Plaintiff's motion is DENIED.

## LEGAL STANDARD

A defendant who is not a resident of the forum state may remove from state court to federal court any civil action that could have been originally filed in federal court. 28 U.S.C. § 1441(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89–90 (2005); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). Original jurisdiction exists when either complete diversity exists, or when plaintiff's cause of action arises out of federal law or is otherwise permitted by federal law. 28 U.S.C. §§ 1331, 1332.

Federal courts are of limited jurisdiction, but they have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "[U]nless certain exceptional circumstances are present, a district court has little or no discretion to abstain." *Almodovar v. Reiner*, 832 F.2d 1138, 1140 (9th Cir. 1987).

## DISCUSSION

Plaintiff does not assert that the Court lacks jurisdiction,[2] but rather argues that the Court should abstain from its obligation to adjudicate claims within its jurisdiction so that the state court can interpret HB 4204. Pl.'s Mot. Remand 10. Plaintiff cites four abstention doctrines: *Burford*, *Brillhart/Wilton*, *Younger*, and *Colorado River*. The Court addresses each in turn.

---

[2] The Court wants to be clear that subject matter jurisdiction in this case is based on diversity of citizenship. Contrary to Defendants' Notice of Removal, there is no federal question jurisdiction here. Plaintiff's complaint alleges only state law claims and does not raise any federal issues. The fact that Defendants raise preemption as an affirmative defense is insufficient for jurisdiction under 28 U.S.C. § 1331. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."). However, Defendants have pled sufficient facts to show diversity jurisdiction exists under 28 U.S.C. § 1332. Defs.' Notice Removal, ECF No 1.

### *Burford* abstention

Under *Burford* abstention, a federal court may decline to exercise jurisdiction over a case that "involve[s] an essentially local issue arising out of a complicated state regulatory scheme." *Tucker v. First Maryland Sav. & Loan, Inc.*, 942 F.2d 1401, 1404 (9th Cir. 1991). However, "[w]hile *Burford* is concerned with protecting state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." *New Orleans Pub. Serv., Inc. v. City of New Orleans*, 491 U.S. 350, 362 (1989) (*citing Colorado River Water Conservation Dist.*, 424 U.S. at 815–16). In the Ninth Circuit, courts may only abstain from exercising jurisdiction when "(1) . . . the state has concentrated suits involving the local issue in a particular court; (2) the federal issues are not easily separable from complicated state law issues with which the state courts may have special competence; and (3) . . . federal review might disrupt state efforts to establish a coherent policy." *Tucker*, 942 F.2d at 1405.

Plaintiff argues that "Oregon has chosen to concentrate suits for HB 4204 violations in the circuit courts." Pl.'s Mot. Remand 13. However, Oregon's circuit courts are courts of general jurisdiction, not a specialized court system. *Cf. Burford v. Sun Oil Co.*, 319 U.S. 315, 326 (1943) (relying on the fact that "the [Texas] legislature provided for concentration of all direct review of the Commission's orders in the State district courts of Travis County"); *Alabama Pub. Serv. Comm'n v. Southern R. Co.*, 341 U.S. 341, 348–50 (1951) (applying *Burford* when Alabama concentrated appeals of the Public Service Commission in the Montgomery County Circuit Court). Oregon has not designated a particular court to hear HB 4204 cases.

Plaintiff also argues that Oregon state courts have "special competence in analyzing HB 4204 claims" because of their experience adjudicating Oregon Trust Deed Act claims. Pl.'s Mot.

Remand 14. However, federal courts routinely apply state law in diversity cases. *City of Tucson v. U.S. West Commc'ns, Inc.*, 284 F.3d 1128, 1133 (9th Cir. 2002). Further, the central question at issue appears to be whether HB 4204 is preempted by federal law. "[W]hether state law conflicts with federal law . . . is plainly not an issue 'with respect to which state courts might have special competence.'" *United States v. Morros*, 268 F.3d 695, 705 (9th Cir. 2001) (quoting *Knudsen Corp. v. Nevada State Dairy Comm'n*, 676 F.2d 374, 377 (9th Cir. 1982)).

Plaintiff argues that the Court's exercise of jurisdiction "would disrupt Oregon's effort to establish a coherent policy of lender practices associated with . . . HB 4204." Pl.'s Mot. Remand 13. However, Plaintiff has not shown any state efforts to implement a coherent state-wide policy regarding HB 4204. HB 4204 was in effect for only six months and expired on December 31, 2020. Defs.' Opp. Mot. Remand 13, ECF No. 9.

Although none of the three *Burford* abstention factors are met, Plaintiff argues that the Court should not apply a "formulaic test" to determine if *Burford* abstention applies. Pl.'s Reply 1–2, ECF No. 11. But Plaintiff has not shown that this case presents "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case . . . at bar" or that the "exercise of federal review of the question in [the] case . . . would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Colorado River Water Conservation Dist.*, 424 U.S. at 814. *Burford* abstention is not applicable here.

### ***Brillhart*/*Wilton* Abstention**

Under the *Brillhart*/*Wilton* doctrine, courts may decline to hear cases brought under the Declaratory Judgment Act when "parallel proceedings, presenting opportunity for ventilation of the same state law issues, [are] underway in state court." *Wilton v. Seven Falls Co.*, 515 U.S.

277, 290 (1995). *Brillhart/Wilton* abstention is inapplicable here. While Plaintiff argues that "Defendants are requesting that the District Court declare the rights of the parties," this case does not invoke the Declaratory Judgment Act. Pl.'s Mot. Remand 17. Further, there is no parallel state court proceeding, as the case has been properly removed to this Court.

## Younger Abstention

In *Younger*, the Supreme Court held that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv. Inc.*, 491 U.S. at 364 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). While the *Younger* doctrine has been expanded to civil enforcement actions, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975), Plaintiff has provided no support for the idea that it should be expanded here. Further, *Younger* abstention relies on an ongoing state judicial proceeding. As noted above, there is no parallel state court proceeding.

## *Colorado River* Abstention

Under the *Colorado River* doctrine, "exceptional circumstances" may "warrant[] federal abstention from concurrent federal and state proceedings," even when other abstention doctrines do not apply. *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 841 (9th Cir. 2017). However, "[t]he doctrine is available only in situations involving the *contemporaneous* exercise of concurrent jurisdictions, either by the federal courts or by state and federal courts." *Kirkbride v. Cont'l Cas. Co.*, 933 F.2d 729, 734 (9th Cir. 1991) (citations and internal quotations omitted) (finding *Colorado River* inapplicable because the entire case was removed to federal court). *Colorado River* is inapplicable here.

//

//

5 – OPINION & ORDER

**CONCLUSION**

Because no abstention doctrines apply here, Plaintiff's Motion to Remand, ECF No. 7, is

DENIED. *Fed. Deposit Ins. Corp. v. Nichols*, 885 F.2d 633, 637 (9th Cir. 1989) ("The district

court does not have discretion to abstain in a case that does not meet the abstention

requirements.").

IT IS SO ORDERED.


DATED this 6th day of June 2022.



_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

6 – OPINION & ORDER