IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CORVALLIS HOSPITALITY, LLC., *an Oregon limited liability company*, | Case No. 6:22-cv-00024-MC |
| Plaintiff/Counter-Defendant, | |
| v. | OPINION AND ORDER |
| WILMINGTON TRUST, NATIONAL ASSOCIATION, *as Trustee for the Benefit of the Holders of LCCM 2017-LC26 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2017-LC26*; MIDLAND LOAN SERVICES, INC., *a Delaware Corporation; and* BEACON DEFAULT MANAGEMENT, INC., *a California Corporation*, | |
| Defendants/Counter-Claimants. | |
| WILMINGTON TRUST, NATIONAL ASSOCIATION, *as Trustee for the Benefit of the Holders of LCCM 2017-LC26 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2017-LC26*, | Case No. 6:22-cv-00993-MC |
| Plaintiff/Counter-Defendant, | |
| v. | |
| WILLIAM J. LAWSON, *an individual*, | |
| Defendant/Counter-Claimant. | |

_____

MCSHANE, J.:

Counter-Defendant Wilmington Trust, National Association ("the Trust") moves to dismiss Counter-Claimant William J. Lawson's ("Lawson") Counterclaim (ECF No. 48) for failure to state a claim. For the following reasons, the Trust's Motion (ECF No. 49) is granted.[1]

## BACKGROUND

The parties are familiar with the underlying facts of this case and the Court will not discuss them in great detail. William Lawson is a representative of Corvallis Hospitality, LLC, ("CH") and Guarantor of the Loan Agreement between CH and the Trust. Compl. ¶¶ 2, 7, ECF No. 1, 6:22-cv-00993-MC. Before entering into the May 2017 Loan Agreement, the Trust required Lawson to execute a Guaranty Agreement ("the Guaranty"), which provides that Lawson "unconditionally guarantees payment and performance to Lender of the Guaranteed Obligations[.]" Counter-Def.'s Mot. Dismiss 3; Compl. Ex. B at 1, ECF No. 1, 6:22-cv-00993-MC. The Guaranty provides that if CH goes into default or engages in some other prohibited activity, then CH's obligations under the Loan Agreement are "fully recourse" to Lawson – in other words, Lawson will be personally liable for paying off the loan. *Id*.; *see* § 1.2(b). Of relevance here, the Guaranty prohibits CH from asserting a claim or defense in a judicial proceeding against the Trust "which is frivolous, brought in bad faith, without merit (in the case of a defense) or unwarranted[.]" *Id*. at § 1.2(b)(11).

On July 8, 2022, the Trust filed this civil action[2] against Lawson in the U.S. District Court for the District of Oregon, in response to CH's December 14, 2021, lawsuit against the Trust and other defendants. The Trust brings a single claim for Breach of Guaranty, arguing that

---

[1] All cited CM/ECF numbers refer to the docket in the lead case, *Corvallis Hospitality, LLC., v. Wilmington Trust, et al.* 6:22-cv-00024-MC, unless specified otherwise.

[2] On September 6, 2022, the Court granted CH's Motion to Consolidate this case *Wilmington Trust, National Association, et al. v. Lawson*, 6:22-cv-00993-MC with the lead case, *Corvallis Hospitality, LLC., v. Wilmington Trust, et al.*, 6:22-cv-00024-MC. *See* ECF No. 30.

2 – OPINION AND ORDER

CH asserted claims that were unwarranted and without merit, and now seeks damages against Lawson in the amount of $19, 673, 285.86. Compl. ¶¶ 58, 62. In his Answer, Lawson filed a counterclaim against the Trust for Breach of Contract/Guaranty, arguing that this lawsuit itself is without merit and that the obligations under the Loan are not "fully recourse" to Lawson. Answer 6, ECF No. 48. On February 27, 2023, the Trust filed the present Motion to Dismiss Lawson's Counterclaim. ECF No. 49.

## STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

The Trust argues that Lawson's breach of contract counterclaim claim should be dismissed because (1) there has been no breach and (2) Lawson has not sufficiently alleged

3 – OPINION AND ORDER

damages. Mot. Dismiss 6. Under New York law,[3] a breach of contract claim requires "[1] the existence of a contract, [2] the plaintiff's performance pursuant to the contract, [3] the defendant's breach of its contractual obligations, and [4] damages resulting from the breach." *Weatherguard Contractors Corp. v. Bernard*, 155 A.D.3d 921, 922 (N.Y. App. Div. 2017).

The Court agrees that Lawson fails to show how the Trust's act of suing Lawson under the Guaranty was itself a breach of the Guaranty Agreement. Lawson summarily asserts that the Trust breached Section 1.2(b)(11) "by attempting to collect the Obligations, which are not fully recourse to Lawson under the terms of the Guaranty." Resp. Mot. Dismiss at 5, ECF No. 40; Answer ¶ 45. Section 1.2(b)(11) of the Guaranty provides that "Obligations shall be fully recourse to [Lawson] in the event that:"

> (11) **Borrower [CH]** . . . in connection with any enforcement action or exercise or assertion of any right or remedy by or on behalf of Lender under or in connection with the Note, the Mortgage, this Guaranty or any other Loan Document**, seeks a defense, judicial intervention or injunctive or other equitable relief of any kind** or asserts in a pleading filed in connection with a judicial proceeding any defense against Lender or any right in connection with any security for the Loan, **which is frivolous, brought in bad faith, without merit (in the case of a defense) or unwarranted** (in the case of a request for judicial intervention or injunctive or other equitable relief)[.]

Compl. Ex. B at 4–5. The Trust believes that CH has done just that, and now seeks damages from Lawson under the Guaranty.[4]

---

[3] Section 6.3 of the Guaranty Agreement provides that New York law governs all disputes under the Guaranty. Compl. Ex. B at 14, § 6.3.

[4] In issuing this Opinion, the Court does not suggest that the Trust's underlying Breach of Guaranty claim has any merit. The fact that Corvallis Hospitality's claims against the Trust have survived the motion to dismiss phase would seem to indicate that those claims are not frivolous. For now, the Court need not decide the merit of the Trust's breach of contract claim until a proper motion comes before it. The narrow issue *here* is whether Lawson can bring a breach of contract claim against the Trust under the Guaranty Agreement based on the Trust's (allegedly wrongful) breach of contract claim against Lawson.

However, Lawson interprets Section 1.2(b)(11) as inversely *prohibiting* the Trust "from attempting to collect the Obligations, as defined in the Guaranty, from Lawson unless the Obligations are fully recourse to Lawson." Answer ¶ 45. Lawson contends that because CH has not brought frivolous or unwarranted claims against the Trust ("the triggering event"), the obligations are *not* fully recourse to Lawson, and therefore the Trust *breached* Section 1.2(b)(11) by instigating this action. Resp. Mot. Dismiss 5, 8.

The Court disagrees. A plain reading of Section 1.2(b)(11) shows an unambiguously unilateral provision. It specifically prohibits CH from bringing any frivolous, meritless, or unwarranted legal actions against the Trust; it does not, however, prohibit the Trust from exercising its rights under the Guaranty and suing the Guarantor (Lawson), even if the asserted claims are eventually deemed futile. "On a motion to dismiss, the Court may dismiss a breach of contract claim for failure to state a claim if the terms of the contract are unambiguous and the "plain language" of the contract contradicts or fails to support the plaintiff's allegations of breach." *JTRE Manhattan Ave. LLC v. Capital One, N.A.*, 585 F. Supp. 3d 474, 482 (S.D.N.Y. 2022).

The Court finds no language in the Guaranty preventing the Trust from – perhaps misguidedly (or even frivolously) – asserting that CH's Obligations under the Loan have become fully recourse to Lawson; no matter how vehemently Lawson disagrees. "[I]t cannot be deemed a breach for one party to sue to enforce its view of the contract." *Bridgeport Music, Inc. v. Universal Music Group, Inc*. 440 F. Supp. 2d 342, 345 (S.D.N.Y. 2006) (stating that "this logic would allow any defendant sued for breach of contract to counterclaim against the plaintiff by asserting that the filing of the suit is in and of itself a breach of the contract."). The ultimate merit of the Trust's Breach of Guaranty claim will be decided through the natural course of

litigation. Lawson may assert as a valid defense his contention that CH has brought legitimate claims and therefore, "no event permitting the Trust to pursue Lawson for the Obligations has occurred." Resp. Mot. Dismiss 8.

## CONCLUSION

The Guaranty Agreement does not prohibit the Trust from asserting its breach of contract claim against Lawson. Because Lawson has failed to allege an actual breach of contract, the Court need not address whether Lawson sufficiently alleged damages.[5] Wilmington Trust's Motion to Dismiss (ECF No. 49) is GRANTED. Lawson's counterclaim is DISMISSED with prejudice. IT IS SO ORDERED.

Dated this 28th day of April, 2023.

                                                        _____/s/ Michael McShane_____
                                                           Michael McShane
                                            United States District Judge

---

[5] Additionally, the Court finds that counsel for Wilmington Trust met his meet and confer obligations under LR 7-1(a).