Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
David Watnick, OSB No. 223386
DWatnick@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000
Facsimile:  503.727.2222

*Attorneys for Defendants/Counter-Claimants
Midland and Beacon*

Stephen L. Ascher (admitted *pro hac vice*)
SAscher@jenner.com
Anna M. Windemuth (admitted *pro hac vice*)
AWindemuth@jenner.com
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: +1 212 891 1600
Facsimile: +1 212 891 1699

*Attorneys for Defendants/Counter-Claimants
Wilmington and K-Star*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, EUGENE DIVISION

| | |
|---|---|
| CORVALLIS HOSPITALITY, LLC, an Oregon limited liability company,<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION, as TRUSTEE FOR THE BENEFIT OF THE HOLDERS OF LCCM 20127-LC26 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2017-LC26; MIDLAND LOAN SERVICES, INC., a | Lead Case No. 6:22-cv-00024-MC<br><br>**DEFENDANTS' MOTION FOR RELIEF AND ENTRY OF JUDGMENT** |

DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Delaware corporation; BEACON DEFAULT
MANAGEMENT, INC., a California
corporation; and K-STAR ASSET
MANAGEMENT, a Delaware limited liability
company,

                    Defendants/Counter-
                    Claimants.

WILMINGTON TRUST, NATIONAL
ASSOCIATION, as Trustee, for the benefit
of the holders of LCCM 2017-LC26 Mortgage
Trust Commercial Mortgage Pass-Through
Certificates, by and through Midland Loan
Services, a division of PNC Bank, National
Association,

                    Plaintiff
        v.

WILLIAM J. LAWSON, an individual,

                    Defendant.

Case No. 6:22-cv-00993-MC

DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

BACKGROUND ..................................................................................................................3

LEGAL STANDARD............................................................................................................6

ARGUMENT .......................................................................................................................7

I.   The Little That Remains of CH's Breach of Contract Claim is Moot. ....................................7

II.  As a Result of CH's Defaults, CH Owes Defendants Outstanding Principal, Interest, and
     Related Payments Under the Loan Documents. ..........................................................8

     A.  Legal Standard ...........................................................................................8

     B.  Amounts Owed ...........................................................................................9

         1.  Outstanding Principal...........................................................................9

         2.  Interest....................................................................................10

         3.  Late Fees ..................................................................................11

         4.  Expenses ..................................................................................12

         5.  Yield Maintenance Premium .....................................................................12

         6.  Special Servicing Fees ..................................................................13

         7.  Liquidation Fees...........................................................................13

         8.  Interest on Advances ......................................................................14

III. Defendants' Requested Attorneys' Fees and Costs are Reasonable.......................................14

     A.  The Number of Hours Spent on this Case Is Reasonable ...................................................15

     B.  Defendants' Requested Hourly Rates Are Reasonable........................................................19

     C.  Defendants' Costs Are Reasonable..........................................................................24

IV.  The Court Should Enter Judgment Against Lawson as Guarantor. ........................................24

CONCLUSION....................................................................................................................24

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*360 N. Rodeo Drive, LP v. Wells Fargo Bank, Nat'l Assoc.*,
2024 WL 4039643 (S.D.N.Y. Sept. 4, 2024)............................................................................11

*Adelson v. Harris*,
2018 WL 1585676 (S.D.N.Y. Mar. 29, 2018) ........................................................................17

*An v. Despins*,
2024 WL 1157281 (S.D.N.Y. Mar. 18, 2024) ........................................................................21

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany
Cnty. Bd. of Elections*,
522 F.3d 182 (2d Cir. 2008)...................................................................................................19

*Arthur v. Burkich*,
131 A.D.2d 105 (N.Y. App. Div. 1987) .................................................................................13

*ATX Debt Fund 1, LLC v. Paul*,
2024 WL 324780 (S.D.N.Y. Jan. 29, 2024) ..........................................................................24

*Barjon v. Dalton*,
132 F.3d 496 (9th Cir. 1997) .................................................................................................19

*Bobulinski v. Tarlov*,
2025 WL 872178 (S.D.N.Y. Mar. 20, 2025) ........................................................................21

*Breed v. Insurance Co. of N. Am.*,
46 N.Y.2d 351 (1978) ..............................................................................................................9

*Capstone Cap. Grp., LLC v. Hahn*,
2022 WL 2532449 (S.D.N.Y. Mar. 15, 2022) ........................................................................7

*Cataphora Inc. v. Parker*,
848 F. Supp. 2d 1064 (N.D. Cal. 2012) .................................................................................18

*Catzin v. Thank You & Good Luck Corp.*,
2022 WL 2116682 (S.D.N.Y. June 13, 2022) .......................................................................16

*CIT Bank, N.A. v. Elliot*,
2019 WL 5694332 (E.D.N.Y. July 25, 2019)...........................................................................9

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

*Citizens Ins. Co. of Am. v. KIC Chemicals, Inc.*,
  2007 WL 2902213 (W.D. Mich. Oct. 1, 2007) ("New York connections" to
  case justified New York rates) ................................................................................................21

*Clarendon Nat'l Ins. Co. v. Advance Underwriting Managers Agency, Inc.*,
  2011 WL 6153691 (S.D.N.Y. Dec. 8, 2011) ...........................................................................15

*Denton v. Shriners Hospital for Children*,
  2025 WL 2653173 (D. Or. Sept. 16, 2025) .............................................................................23

*Diamond D Enters. USA, Inc. v. Steinsvaag*,
  979 F.2d 14 (2d Cir. 1992)......................................................................................................15

*DLJ Mortg. Cap., Inc. v. U.S. Money Source, Inc.*,
  2008 WL 115063 (N.D. Ga. Jan. 9, 2008)...............................................................................21

*E. Sav. Bank, FSB v. Rabito*,
  2014 WL 4804872 (E.D.N.Y. Sept. 10, 2014) ...........................................................................9

*Earth Flag Ltd. v. Alamo Flag Co.*,
  154 F. Supp. 2d 663 (S.D.N.Y. 2001)......................................................................................17

*Fleetwood Servs., LLC v. Ram Cap. Funding, LLC*,
  2023 WL 112429 (S.D.N.Y. Jan. 5, 2023) ..............................................................................18

*Grant v. Martinez*,
  973 F.2d 96 (2d Cir. 1992).......................................................................................................15

*H. Naito Corp. v. Quest Ent. Ventures, L.P.*,
  2001 WL 34041860 (D. Or. July 2, 2001).................................................................................6

*Horror Inc. v. Miller*,
  2022 WL 4473426 (D. Conn. Sept. 26, 2022) (awarding Southern District of
  New York rates)........................................................................................................................20

*Jamaica Sav. Bank, F.S.B. v. Ascot Owners, Inc.*,
  245 A.D.2d 20 (N.Y. App. Div. 1997) .....................................................................................10

*JS Halberstam Irrevocable Grantor Tr. v. Davis*,
  2022 WL 1449106 (D. Or. May 9, 2022) ................................................................................23

*Kassim v. City of Schenectady*,
  415 F.3d 246 (2d Cir. 2005)....................................................................................................18

*Kindle v. Dejana*,
  308 F. Supp. 3d 698 (E.D.N.Y. 2018) .....................................................................................15

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

*La. Generating LLC v. Ill. Union Ins. Co.*,
   2014 WL 1270049 (M.D. La. Mar. 27, 2014) (awarding Southern District of
   New York rates)......................................................................................................20

*Lawtone-Bowles v. City of New York*,
   2021 WL 1326865 (S.D.N.Y. Apr. 8, 2021)..........................................................17

*LG Cap. Funding, LLC v. Solar Energy Initiatives, Inc.*,
   2019 WL 7630792 (E.D.N.Y. Nov. 1, 2019)..........................................................11

*Lilly v. City of New York*,
   934 F.3d 222 (2d Cir. 2019)...................................................................................19

*Maddaloni v. Pension Tr. Fund of Pension, Hospitalization & Benefit Plan of
   Elec. Indus.*,
   2023 WL 7000885 (E.D.N.Y. Sept. 1, 2023) .........................................................20

*Medford Corp. v. Crawford & Co.*,
   1997 WL 408035 (9th Cir. July 17, 1997)..............................................................14

*Memmott v. OneWestBank*,
   2011 WL 1560985 (D. Or. Feb. 9, 2011)..................................................................8

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*,
   711 F.2d 1136 (2d Cir. 1983)..................................................................................16

*Nat'l Veterans Legal Servs. Program v. United States*,
   724 F. Supp. 3d 1 (D.D.C. 2024) ............................................................................22

*Oparaji v. Mun. Credit Union*,
   2020 WL 9815188 (S.D.N.Y. Dec. 21, 2020), *report & recommendation
   adopted*, 2021 WL 2414859 (S.D.N.Y. June 14, 2021), *aff'd*, 2022 WL
   1122681 (2d Cir. Apr. 15, 2022) ...............................................................................8

*Radar Sports Mgmt., LLC v. Legacy Lacrosse, LI Inc.*,
   2023 WL 7222736 (E.D.N.Y. Nov. 2, 2023)............................................................7

*Red Tree Invs., LLC v. Petroleos de Venezuela, S.A.*,
   2022 WL 17834945 (S.D.N.Y. Nov. 29, 2022)......................................................20

*Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*,
   818 F.2d 278 (2d Cir. 1987)....................................................................................15

*RMP Cap., Corp. v. Victory Jet, LLC*,
   40 Misc.3d 1243(A), (N.Y. Sup. Ct., Suffolk Cnty., 2013)....................................19

iv DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

*RSS WFCM2018-C44-NY LOD, LLC v. 1442 Lexington Operating DE LLC*,
   2024 WL 4486058 (S.D.N.Y. Aug. 19, 2024), *report & recommendation
   adopted*, 2024 WL 4132554 (S.D.N.Y. Sept. 10, 2024), *judgment entered*,
   2024 WL 4381120 (S.D.N.Y. Oct. 2, 2024) ............................................11, 13, 14, 17

*In re S. Side House, LLC*,
   451 B.R. 248 (Bankr. E.D.N.Y. 2011), *aff'd sub nom. U.S. Bank Nat. Ass'n v.
   S. Side House, LLC*, 2012 WL 273119 (E.D.N.Y. Jan. 30, 2012) ....................................10, 13

*Segar v. Garland*,
   2024 WL 4332615 (D.D.C. 2024) .......................................................................22

*Sidley Holding Corp. v. Ruderman*,
   2009 WL 6047187 (S.D.N.Y. Dec. 30, 2009), *report & recommendation
   adopted*, 2010 WL 963416 (S.D.N.Y. Mar. 15, 2010) ...........................................17

*Simmons v. N.Y.C. Transit Auth.*,
   575 F.3d 170 (2d Cir. 2009).............................................................................15

*SO/Bluestar, LLC v. Canarsie Hotel Corp.*,
   33 A.D.3d 986 (N.Y. App. Div. 2006) ...............................................................12

*Staten v. Patrolmen's Benevolent Ass'n of City of N.Y., Inc.*,
   282 F. Supp. 3d 734 (S.D.N.Y. 2017)...................................................................8

*Sterling Sav. Bank v. JHM Props., LLC*,
   717 F. Supp. 2d 1142 (D. Or. 2010) ..................................................................24

*Trinh v. Shriners Hospitals for Children*,
   2025 WL 2972667 (D. Or. Oct. 21, 2025)............................................................23

*Ubnare v. Trillian Techs., Inc.*,
   2025 WL 3625892 (D.D.C. Dec. 15, 2025)...........................................................22

*Vista Outdoor Inc. v. Reeves Family Tr.*,
   2018 WL 3104631 (S.D.N.Y. May 24, 2018) ..................................................15, 19

*Wallace v. 600 Partners Co.*,
   86 N.Y.2d 543 (1995) ......................................................................................9

*Wells Fargo Bank as Tr. for the Benefit of the Holders of COMM 2015-LC19
   Mortg. Tr. Com. Mortg. Pass-Through Certificates v. 5615 N. LLC*,
   2023 WL 7394340 (S.D.N.Y. May 4, 2023), *report and recommendation
   adopted*, 2023 WL 7384632 (S.D.N.Y. Nov. 8, 2023)..................................12, 13, 17

*Wells Fargo Bank, N.A. v. Willoughby*,
   2016 WL 775752 (D. Or. Feb. 23, 2016)..............................................................14

v DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

*Wells Fargo Bank Nat'l Assoc. as Tr. for Holders of Comm 2014-UBS6 Mortg.*
*Tr. Com. Mortg. Pass-Through Certificates v. 366 Realty LLC,*
725 F. Supp. 3d 272 (E.D.N.Y. 2024) ...............................................................7, 10

*Wells Fargo Tr. Co., N.A. v. Fast Colom. S.A.S.,*
2023 WL 8591953 (S.D.N.Y. Oct. 16, 2023), *report & recommendation*
*adopted*, 2023 WL 8433128 (S.D.N.Y. Dec. 5, 2023) ...........................................22

*White v. Apple Bank for Sav.,*
658 F. Supp. 3d 151 (S.D.N.Y. 2023)...................................................................21

*Wilmington Tr., Nat'l Ass'n, as Tr. for the Benefit of the Registered Holders of*
*Wells Fargo Com. Mortg. Tr. 2018-C44, Com. Mortg. Pass-Through*
*Certificates, Series 20 v. 31 Prince St., LLC,*
2025 WL 1160641 (S.D.N.Y. Mar. 25, 2025), *report & recommendation*
*adopted*, 2025 WL 1148459 (S.D.N.Y. Mar. 25, 2025) ...............................10, 11, 17

*Wilmington Tr., Nat'l Assoc. v. Winta Asset Mgmt. LLC,*
2023 WL 9603893 (S.D.N.Y. Dec. 21, 2023), *report & recommendation*
*adopted*, 2024 WL 1700032 (S.D.N.Y. Apr. 18, 2024)..................................... *passim*

*Wilmington Tr. v. Lawson,*
No. 6:22-cv-00093-MK (D. Or. July 8, 2022)..........................................................3

*Wistron NeWeb Corp. v. Genesis Networks Telecom Servs., LLC,*
2023 WL 5211352 (S.D.N.Y. Aug. 14, 2023).........................................................15

*Wright v. Keller Lumber Co.,*
2016 WL 1271670 (D. Or. Mar. 30, 2016) (applying Portland hourly rates in
Eugene Division action)......................................................................................21

*Zimmerman v. Portfolio Recovery Assocs., LLC,*
2013 WL 6508813 (S.D.N.Y. Dec. 12, 2013) ........................................................24

**Other Authorities**

Oregon State Bar's 2022 survey is available at
https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf......................23

U.S. Bureau of Labor Statistics' CPI inflation calculator, available at
https://www.bls.gov/data/inflation_calculator.htm.................................................23

vi DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## LR 7-1 CERTIFICATION

Pursuant to Local Rule 7.1, the Parties have made a good faith effort to resolve this dispute and have been unable to do so.

## MOTION

Defendants Wilmington Trust, National Association, as Trustee, for the benefit of the holders of LCCM 2017-LC26 Mortgage Trust Commercial Pass-Through Certificates, Series 2017-LC26 ("Wilmington" or the "Trust"), Midland Loan Services, a division of PNC Bank, National Association ("Midland"), Beacon Default Management, Inc. ("Beacon"), and K-Star Asset Management ("K-Star"), submit this memorandum of law in support of their motion for relief and entry of judgment pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rules 56 (the "Motion").

## PRELIMINARY STATEMENT

This Court has already found that Plaintiff Corvallis Hospitality, LLC ("CH") breached its agreement (the "Loan Agreement") for an $18 million loan (the "Loan") secured by a thriving hotel (the "Hotel") by failing to make Loan payments following the COVID-19 pandemic. *See* SJ Op., Dkt. 201. CH's defenses based on Oregon House Bill 4204 ("HB 4204") and purported industry custom were soundly rejected as a matter of law, both when initially presented to the Court and on reconsideration. *See id.*; Reconsideration Order, Dkt. 213.

Only three issues remain to resolve this dispute: (1) the limited portion of CH's breach of contract claim based on an allegedly mistaken insurance payment made by the Loan's master servicer (a non-party); (2) quantifying amounts owed to Defendants following the Loan's acceleration; and (3) finding the Loan's guarantor William Lawson ("Lawson") jointly liable for the judgment.

1  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

The Court can readily dispense with CH's breach of contract claim because the payment at issue was refunded and the Loan's master servicer is not a party to this case. As a result, final judgment should be entered against CH and Lawson.

As for quantifying amounts owed, the Court should award Defendants all the outstanding principal, interest, and other fees set forth under the Loan Agreement—and give Defendants the opportunity to update these amounts following a hearing on the Motion. Defendants' requested payments are routinely awarded in mortgage disputes like this one involving sophisticated parties, high-value loans and properties, and agreements governed by New York law. And the Court can readily confirm that Defendants' requested amounts are proper by consulting the Loan history and corresponding calculations attached to a declaration filed by the Loan's special servicing asset manager.

Defendants also submit detailed time records and declarations in support of their requested attorneys' fees, which the Court already concluded CH is required to pay under the Loan Agreement. Defendants' requested fees reasonably reflect the time and degree of expertise required to successfully litigate this complex matter on behalf of several parties over five years. This litigation was not a routine mortgage dispute. It involved issues of first impression regarding preemption and HB 4204 in the specialized structured finance context. Moreover, counsel's fees are especially reasonable given CH's aggressive litigation strategy, the favorable result counsel achieved, and Defendants' voluntary waiver of certain categories of fees.

Defendants respectfully ask the Court to issue an order fixing the amount owed by CH to Defendants as of approximately October 5, 2025 (to be updated following oral argument or an evidentiary hearing), setting a date for Defendants to file a proposed judgment, and setting a date

2  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

for Defendants to file a proposed judgment of foreclosure and sale in the event CH and Lawson fail to satisfy the judgment.

## BACKGROUND[1]

On December 14, 2021—long after HB 4204 had been repealed—CH filed this lawsuit against Wilmington, Midland, and Beacon in Benton County Circuit Court, alleging violation of HB 4204, the Oregon Trust Deed Act, and the covenant of good faith and fair dealing. *See generally* Compl., Dkt. 1-1. This case has had a long and complex procedural history. Defendants first removed the case to federal district court on diversity grounds, answered, and filed counterclaims. Dkts. 1, 5. CH moved for remand to state court on four purportedly applicable abstention grounds; that motion was denied. Order, Dkt. 16.

Defendants then moved for judgment on the pleadings because HB 4204 had been repealed, the workout fee CH challenged through its good faith and fair dealing claim was expressly authorized by the Loan Agreement, and CH alleged no further basis for violation of the Oregon Trust Deed Act. *See* Dkt. 18. The Court agreed, granting Defendants' motion in full. Order, Dkt. 31.

On July 8, 2022, Wilmington filed suit against Lawson—the guarantor for the Loan—for breach of the Guaranty of Recourse Obligations (the "Guaranty"). *See generally Wilmington Tr. v. Lawson*, No. 6:22-cv-00093-MK (D. Or. July 8, 2022). CH moved to consolidate Wilmington's action with this case, Dkt. 28; Defendants did not oppose the motion, which was granted, Dkt. 30.

CH filed an Amended Complaint on November 17, 2022, alleging violation of the Oregon Trust Deed Act, breach of contract, breach of the covenant of good faith and fair dealing, and

---

[1] Declarations by Stephen Ascher (the "Ascher Declaration"), David Watnick ("the Watnick Declaration"), and Matthew Furay (the "Furay Declaration"), are filed contemporaneously with this Motion.

3  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000

tortious interference with economic relations. Dkt. 32. Lawson filed a counterclaim against Wilmington on February 10, 2023. Dkt. 48.

On April 28, 2023, the Court granted Wilmington's motion to dismiss Lawson's counterclaim in full, Dkt. 59, and granted Defendants' motion to dismiss CH's Amended Complaint in part—narrowing CH's remaining claims to breach of contract and breach of the covenant of good faith and fair dealing, Dkt. 58. Defendants answered the Amended Complaint and brought counterclaims for breach of contract, judicial foreclosure, and appointment of a receiver. Dkt. 64.

Discovery in this litigation was extensive and contentious. Watnick Decl. ¶¶ 5–7. Midland produced over 38,000 documents totaling over 50,000 pages on behalf of Defendants. *Id.* ¶ 5. CH needlessly generated discovery costs by seeking duplicative discovery from the Loan's Directing Certificate Holder KKR Real Estate Credit Opportunity Partners Aggregator I L.P. ("KKR").[2] Ascher Decl. ¶ 6. The parties took a total of 15 depositions. Watnick Decl. ¶ 5. As a result, discovery deadlines were extended multiple times, Dkts. 14, 24, 61, 70, 81, 88, 97, 125, and discovery took over two years to complete, Watnick Decl. ¶ 7. The parties negotiated and briefed multiple disputes during this time, including CH's motion to extend the discovery schedule, Dkt. 71, which CH filed despite Defendants' willingness to negotiate a resolution without motion practice, Dkt. 73, and which the Court denied, Dkt. 76. CH further drove up discovery costs by moving to compel the production of privileged documents from K-Star (at that time a non-party) despite failing to request a meet-and-confer regarding K-Star's responses and objections to CH's document requests, and failing to request additional documents from K-Star, for many months

---

[2] As discussed *infra* 9, Defendants do not seek attorneys' fees incurred by KKR's counsel in connection with this case.

4  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

prior. *See* Dkts. 102, 104. CH's motion was denied. Dkt. 116. After depositions revealed that CH had withheld responsive documents, Defendants moved to compel. Dkt. 106. Unlike CH's motion, Defendants' motion was granted. Dkt. 116.

CH's erratic and time-consuming litigation strategy did not end with discovery. Over a year after the Court-ordered deadline to amend pleadings, and 19 months after K-Star had replaced Midland (the Loan's special servicer during the relevant period), CH moved to amend its complaint yet again, adding both new claims and K-Star as a new party. Dkts. 114, 119. After the Court granted CH's motion, and despite Defendants' good faith settlement overtures, CH moved for referral to a judicial settlement conference shortly before the deadline for summary judgment motions, Dkt. 132, prompting even more briefing, Dkt. 160. That motion was denied. Dkt. 162.

The parties then engaged in extensive summary judgment briefing, with both sides moving, Dkts. 139, 141, 160, 165, 183, 186, and CH filing oversized briefing, Dkt. 137. Amid summary judgment briefing, CH moved for sanctions. Dkts. 149, 167, 191, 195. Shortly after briefing was complete, on June 26, 2025, an approximately $90,000 insurance payment (the "Insurance Payment") that CH argued had been mistakenly made by the Loan's master servicer to "Marsh USA" was refunded to CH via a credit to the suspense account for the Loan. Furay Decl. ¶¶ 53–54.

Following oral argument, the Court denied CH's sanctions and summary judgment motions in full, and largely granted Defendants' summary judgment motion. Specifically, the Court dismissed CH's good faith and fair dealing and conversion claims in full and dismissed the bulk of CH's breach of contract claim because Defendants were entitled to accelerate the Loan following CH's default. *See generally* SJ Op., Dkt. 201. The Court found CH liable for breaching the Loan Agreement because CH failed to make Loan payments beginning in May 2020 and was

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000

not entitled to HB 4204 relief—constituting an "Event of Default" under Section 10.1(a)(i) of the Loan Agreement. SJ Op. at 13–15.

The Court reserved judgment only regarding (1) whether Defendants had breached the Loan Agreement because the Loan's master servicer (Wells Fargo, which is not a party to this case) had mistakenly paid the Insurance Payment to "Marsh USA"; and (2) whether the Loan Agreement's default interest and related fee provisions were unenforceable for purposes of calculating Defendants' relief. *See generally* SJ Op., Dkt. 201. Wilmington's claim against Lawson under the Guaranty also remains live. *Id.* at 22–23.

True to form, CH filed a 30-page brief urging the Court to reconsider almost every issue it had already decided, and to reopen discovery, on October 1, 2025. Dkt. 202. After even more briefing, Dkts. 205, 211, that motion was also denied, Dkt. 213.

On January 5, 2026, the Court set a briefing schedule for the parties to resolve any outstanding issues in the case, and indicated that the parties could contact chambers to schedule subsequent oral argument and any necessary evidentiary hearing. Dkt. 215; Tr. (Jan. 5, 2026) at 12:12 –13:25.

## LEGAL STANDARD

Federal courts have discretion to consider liability and relief in stages via successive motions. *See, e.g.*, *H. Naito Corp. v. Quest Ent. Ventures, L.P.*, 2001 WL 34041860 (D. Or. July 2, 2001) (granting motion for relief after granting motion for summary judgment regarding liability for breach of contract); *Wilmington Tr., Nat'l Assoc. v. Winta Asset Mgmt. LLC*, 2023 WL 9603893, at *2 (S.D.N.Y. Dec. 21, 2023) (fixing final judgment under loan agreement after previously finding that borrower defaulted at summary judgment), *report & recommendation adopted*, 2024 WL 1700032 (S.D.N.Y. Apr. 18, 2024).

6  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

Courts routinely determine amounts due and owing under New York loan documents based on evidence of the agreements themselves, the borrower's defaults, applicable calculations, and accompanying declarations from asset managers. *See, e.g.*, *Wells Fargo Bank Nat'l Assoc. as Tr. for Holders of Comm 2014-UBS6 Mortg. Tr. Com. Mortg. Pass-Through Certificates v. 366 Realty LLC*, 725 F. Supp. 3d 272, 290–91 (E.D.N.Y. 2024) (calculating damages based on affidavit from asset manager detailing loan documents and amounts due with supporting calculations); *Capstone Cap. Grp., LLC v. Hahn*, 2022 WL 2532449, at *5 (S.D.N.Y. Mar. 15, 2022) (calculating damages based on papers detailing loan documents, notices to defendants, and invoice including calculations).

## ARGUMENT

To resolve this dispute, the Court should (1) dismiss CH's breach of contract claim in full because the payment it seeks has been refunded; and (2) require CH to pay outstanding amounts owed under the Loan Agreement, including principal, interest, and payments triggered by CH's years-long delinquencies. Finally, (3) judgment should be entered against both CH and the Loan's Guarantor, Lawson.

## I.    The Little That Remains of CH's Breach of Contract Claim is Moot.

This Court dismissed all of CH's claims except for the portion of its breach of contract claim based on the allegedly erroneous Insurance Payment of $90,873.32 to "Marsh USA" by the Loan's master servicer, a non-party to this action. SJ Op. at 15.[3] Because the Insurance Payment was refunded to CH via credit to the Loan's suspense account, Furay Decl. ¶¶ 53–54, CH's claim is moot and should be dismissed. *See, e.g.*, *Radar Sports Mgmt., LLC v. Legacy Lacrosse, LI Inc.*,

---

[3] The Court also reserved judgment with respect to CH's declaratory judgment claim regarding the enforceability of fees owed under the loan documents, SJ Op. at 21-22—which is addressed *infra* 8–14 and which is part of the Court's remaining damages analysis.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

2023 WL 7222736, at *8 (E.D.N.Y. Nov. 2, 2023) (dismissing breach of contract claim where defendants "refunded [p]laintiff" for requested amount); *Oparaji v. Mun. Credit Union*, 2020 WL 9815188, at *6-7 (S.D.N.Y. Dec. 21, 2020) (same where defendant "provided clear evidence that it refunded [plaintiff's] account the entirety of the amount in controversy"), *report & recommendation adopted*, 2021 WL 2414859 (S.D.N.Y. June 14, 2021), *aff'd*, 2022 WL 1122681 (2d Cir. Apr. 15, 2022). Wells Fargo's non-party status is another reason to dismiss the claim. *See Staten v. Patrolmen's Benevolent Ass'n of City of N.Y., Inc.*, 282 F. Supp. 3d 734, 737–39 (S.D.N.Y. 2017) (dismissing breach of contract claim "because the plaintiff name[d] the wrong defendant" by failing to sue party allegedly responsible for breach).

## II.    As a Result of CH's Defaults, CH Owes Defendants Outstanding Principal, Interest, and Related Payments Under the Loan Documents.

Under the plain terms of the Loan Agreement, Defendants are entitled to repayment of the outstanding principal and other amounts as detailed below. CH owes these amounts given the high-value Loan and sophisticated parties involved in this dispute. This total amount also reflects the parties' extensive workout negotiations and the years-long duration of CH's delinquencies—a period when CH was able to continue operating the Hotel profitably despite its defaults. *See* Defs. SJ Mot. at 5.

### A.    Legal Standard

Because this Court found that CH's conduct amounts to an "Event of Default" under Section 10.1(a)(i) of the Loan Agreement as a matter of law, SJ Op. at 13–15, Defendants "may pursue one of three remedies: (1) sue on the note and obtain a personal judgment against the debtor in the full amount of the debt; (2) pursue non-judicial foreclosure through the power of sale under the trust deed or mortgage; or (3) pursue judicial foreclosure." *Memmott v. OneWestBank*, 2011 WL 1560985, at *11 (D. Or. Feb. 9, 2011); *cf. Winta Asset Mgmt. LLC*, 2023 WL 9603893, at *2

8  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

(recommending final judgment against borrower after court concluded that borrower was "in default of its obligations under the Loan Agreement").[4] Defendants seek the first remedy at this stage: judgment against CH and Lawson in the full amount of the debt.[5]

Amounts due under the Loan Agreement "should be determined under the terms" of the loan documents. *CIT Bank, N.A. v. Elliot*, 2019 WL 5694332, at *2 (E.D.N.Y. July 25, 2019) (quoting *E. Sav. Bank, FSB v. Rabito*, 2014 WL 4804872, at *1 (E.D.N.Y. Sept. 10, 2014)); *see also Winta Asset Mgmt.*, 2023 WL 9603893, at *2 (same). Under New York law,[6] "[i]t is axiomatic that a contract is to be interpreted so as to give effect to the intention of the parties as expressed in the unequivocal language employed." *Wallace v. 600 Partners Co.*, 86 N.Y.2d 543, 547 (1995) (quoting *Breed v. Insurance Co. of N. Am.*, 46 N.Y.2d 351, 355 (1978)).

## B.    Amounts Owed

As detailed in the accompanying Furay Declaration, as of approximately October 5, 2025, Defendants are entitled to: (1) the outstanding principal balance; (2) default interest; (3) late fees; (4) expenses; (5) a yield maintenance premium; (6) special servicing fees; (7) workout/liquidation fees; and (8) interest on advances.

### 1.    Outstanding Principal

Under Section 10.1(b) of the Loan Agreement, upon the occurrence of an "Event of Default," Lender may "declar[e] the Obligations to be immediately due and payable[.]" Furay Decl. ¶ 12 (quoting Furay Decl. Ex. 1 at 77, § 10.1(b)). "Obligations" means "Borrower's

---

[4] Under the Loan Agreement, the law of the state "in which the property is located"—here, Oregon—governs "enforcement of the lien and security interest." Furay Decl. Ex. 1 at 80, § 11.3(a).

[5] Should CH and Lawson fail to repay the debt, Defendants will pursue a judicial foreclosure.

[6] As this Court already concluded, New York law governs obligations under the Loan Agreement. *See* SJ Op. at 13 n.1.

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

obligations for the payment of the Debt and the performance of the Other Obligations"; "Debt" includes "Outstanding Principal Balance." *Id.* (quoting Furay Decl. Ex. 1 at 103, Sched. I). As explained in the Furay Declaration, outstanding principal is $15,232,549.15. *Id.* at ¶ 20 (citing Furay Decl. Ex. 3); *see also, e.g.*, *Wilmington Tr., Nat'l Ass'n, as Tr. for the Benefit of the Registered Holders of Wells Fargo Com. Mortg. Tr. 2018-C44, Com. Mortg. Pass-Through Certificates, Series 20 v. 31 Prince St., LLC*, 2025 WL 1160641, at *5 (S.D.N.Y. Mar. 25, 2025) (awarding $41 million in "unpaid principal" post-default), *report & recommendation adopted*, 2025 WL 1148459 (S.D.N.Y. Mar. 25, 2025); *Winta Asset Mgmt.*, 2023 WL 9603893, at *3 (awarding $15 million in "unpaid principal" post-default). This amount of outstanding principal is commensurate with CH's original $18 million Loan.

### 2.    Interest

Under Section 2.2.1 of the Loan Agreement, the "Outstanding Principal Balance shall bear interest throughout the Term at the Interest Rate"—here, regular interest accrues at 4.550% per year. Furay Decl. ¶ 21 (quoting Furay Decl. Ex. 1 at 7, 107, § 2.2.1, Sched. I). The Loan Agreement also requires default interest at a rate of 9.550% per year. *Id.* at ¶ 25 (quoting Furay Decl. Ex. 1 at 7, 107, § 2.2.1, Sched. I). Default interest "is a widespread, common-sense feature of loan agreements." *Wells Fargo Bank Nat'l Assoc. as Tr. for Holders of Comm 2014-UBS6 Mortg. Tr. Com. Mortg. Pass-Through Certificates v. 366 Realty LLC*, 725 F. Supp. 3d 272, 284 (E.D.N.Y. 2024). Such interest "compensates the lender for the expense and inconvenience caused by the default." *In re S. Side House, LLC*, 451 B.R. 248, 267 (Bankr. E.D.N.Y. 2011), *aff'd sub nom. U.S. Bank Nat. Ass'n v. S. Side House, LLC*, 2012 WL 273119 (E.D.N.Y. Jan. 30, 2012). It is correspondingly "well settled that an agreement to pay interest at a higher rate in the event of default or maturity is an agreement to pay interest and not a penalty." *Jamaica Sav. Bank, F.S.B.*

*v. Ascot Owners, Inc.*, 245 A.D.2d 20, 20 (N.Y. App. Div. 1997); *see also Winta Asset Mgmt. LLC*, 2023 WL 9603893, at *5. Courts have repeatedly enforced far higher default interest rates than the rate required under the Loan Agreement. *See LG Cap. Funding, LLC v. Solar Energy Initiatives, Inc.*, 2019 WL 7630792, at *4 (E.D.N.Y. Nov. 1, 2019) (collecting cases allowing ~22% default interest rates); SJ Op. at 21–22 (noting that CH did not "meaningfully contest" that law).

As explained in the Furay Declaration, outstanding default interest is $4,492,369.77. Furay Decl. ¶ 26 (citing Furay Decl. Ex. 8). That amount is on par with default interest awarded in similar cases involving sophisticated parties and high-dollar mortgages. *See, e.g.*, *31 Prince St., LLC*, 2025 WL 1160641, at *6 (awarding ~$10 million in default interest); *360 N. Rodeo Drive, LP v. Wells Fargo Bank, Nat'l Assoc.*, 2024 WL 4039643, at *10–11 (S.D.N.Y. Sept. 4, 2024) (awarding ~$3 million in default interest). The default interest due also reflects the years-long duration of this litigation. Moreover, by avoiding foreclosure during this time, CH has enjoyed continued operation of its thriving Hotel. *See* Defs. SJ Mot., Dkt. 139, at 5.

### 3.    Late Fees

Defendants are entitled to late fees under Section 2.3.3 of the Loan Agreement. Furay Decl. ¶ 27 (quoting Furay Decl. Ex. 1 at 8, § 2.3.3). As explained in the Furay Declaration, outstanding late fees total $805,570.20. *Id.* at ¶ 28 (citing Furay Decl. Ex. 9). Late fees are enforceable under New York law, *see, e.g.*, *RSS WFCM2018-C44-NY LOD, LLC v. 1442 Lexington Operating DE LLC*, 2024 WL 4486058, at *4 (S.D.N.Y. Aug. 19, 2024) (recommending late fees under loan agreement), *report & recommendation adopted*, 2024 WL 4132554 (S.D.N.Y. Sept. 10, 2024), *judgment entered*, 2024 WL 4381120 (S.D.N.Y. Oct. 2, 2024), and "defray the expense incurred by Lender in handling and processing" delinquent payments, plus "compensate Lender for the loss of the use of such delinquent payment," Furay Decl. ¶ 27 (quoting Furay Decl. Ex. 1 at 8, § 2.3.3).

11  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

### 4.    Expenses

Under Section 11.13(a) of the Loan Agreement, CH is liable for "reasonable costs and expenses (including reasonable actual attorneys' fees and disbursements)" incurred by Defendants in connection with (among other things) CH's ongoing performance of its obligations under the Loan Agreement, the negotiation of any amendments to the Loan Documents, and enforcing any obligations of or collecting any payments due from CH or Lawson under the Loan Documents. Furay Decl. ¶ 29 (quoting Furay Decl. Ex. 1 at 84, § 11.13(a)). Outstanding expenses total $3,125,164.06. *Id.* at ¶ 30 (citing Furay Decl. Ex. 10). Such expenses are recoverable under New York law. *See, e.g.*, *Wells Fargo Bank as Tr. for the Benefit of the Holders of COMM 2015-LC19 Mortg. Tr. Com. Mortg. Pass-Through Certificates v. 5615 N. LLC*, 2023 WL 7394340, at *7 (S.D.N.Y. May 4, 2023) (awarding expenses under loan agreement terms), *report and recommendation adopted*, 2023 WL 7384632 (S.D.N.Y. Nov. 8, 2023). Attorneys' fees are addressed *infra* 14–24 and in the accompanying Ascher Declaration and Watnick Declaration.

### 5.    Yield Maintenance Premium

Under Section 2.4.3 of the Loan Agreement, CH is required to pay a yield maintenance premium because CH's default (and the corresponding acceleration of all payments due under the Loan Agreement) constitutes a voluntary prepayment that triggers related fees. Furay Decl. ¶ 33 (quoting Furay Decl. Ex. 1 at 10, § 2.4.3). Prepayment provisions "will be enforced according to their terms," including "in the event of acceleration upon default." *SO/Bluestar, LLC v. Canarsie Hotel Corp.*, 33 A.D.3d 986, 987 (N.Y. App. Div. 2006) (collecting cases). Such consideration "serves an important commercial purpose"; it compensates the lender for "daunting economic sacrifices" caused by prepayment, including "the loss of the bargained-for rate of return, an increased tax burden, [and] unanticipated costs occasioned by the need to reinvest the principal"—

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

thus "undo[ing]" the loan's purpose. *In re S. Side House, LLC*, 451 B.R. at 267 (quoting *Arthur v. Burkich*, 131 A.D.2d 105, 107 (N.Y. App. Div. 1987)); *see also* Furay Decl. ¶ 34.

As explained in the Furay Declaration, the outstanding yield maintenance premium is $769,739.28. Furay Decl. ¶ 35 (citing Furay Decl. Ex. 11).

### 6.    Special Servicing Fees

Under Section 11.24(a) of the Loan Agreement, Defendants are entitled to payment of any special servicing fees in connection with the Loan's special servicing. Furay Decl. ¶ 36 (quoting Furay Decl. Ex. 1 at 92, § 11.24(a)). As explained in the Furay Declaration, outstanding special servicing fees total $221,480.69. *Id.* at ¶ 39 (citing Furay Decl. Ex. 12). Such fees are routinely awarded and reflect the time and effort Midland and K-Star spent engaging in extensive modification negotiations with CH, as well as managing the Loan for years since the Loan was transferred to special servicing due to CH's defaults. *See, e.g.*, *1442 Lexington Operating DE LLC*, 2024 WL 4486058, at *4 (loan agreement "obligate[d]" borrowers to "reimburse for Special Servicing Fees"); *In re S. Side House, LLC*, 451 B.R. at 273 (lender "entitled to recover its special servicer fees . . . pursuant to the Loan Documents").

### 7.    Liquidation Fees

Section 11.24(a) of the Loan Agreement also requires CH to compensate Defendants for "any liquidation fees in connection with the exercise of any or all remedies" under the Loan Agreement. Furay Decl. ¶ 40 (quoting Furay Decl. Ex. 1 at 92, § 11.24(a)). As explained in the Furay Declaration, outstanding liquidation fees are $249,824.72. *Id.* at ¶ 42 (citing Furay Decl. Ex. 7). Liquidation fees are a one-time charge upon foreclosure. *See, e.g.*, *5615 N. LLC*, 2023 WL 7394340, at *10 (concluding that such fees are enforceable); *1442 Lexington Operating DE LLC*, 2024 WL 4486058, at *5 (same).

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

### 8.    Interest on Advances

Defendants are entitled to interest on advances pursuant to Section 11.24(a) of the Loan Agreement for advanced payments for attorneys' fees, taxes, and insurance. Furay Decl. ¶¶ 43–44 (quoting Furay Decl. Ex. 1 at 92, § 11.24(a)). As explained in the Furay Declaration, outstanding interest on advances is $335,598.80. *Id.* ¶ 45 (citing Furay Decl. Ex. 13). Defendants are entitled to such interest under New York law. *See, e.g.*, *1442 Lexington Operating DE LLC*, 2024 WL 4486058, at *7; *Winta Asset Mgmt. LLC*, 2023 WL 9603893, at *10.

## III.    Defendants' Requested Attorneys' Fees and Costs are Reasonable.

This Court determined that Defendants are entitled to reasonable, actual attorneys' fees under Section 11.13 of the Loan Agreement. *See* SJ Op. at 15–16.[7] That provision requires CH to broadly indemnify Defendants for fees incurred in connection with (among other things) "the negotiation, preparation, execution, delivery and administration of any consents, amendments, waivers or other modifications to the Loan Documents" and "enforcing any Obligations of or collecting any payments due from [CH] or [Lawson] under the Loan Documents or with respect to the Property." Furay Decl. Ex. 1 at 84, § 11.13(a)); *see also Winta Asset Mgmt.*, 2023 WL 9603893, at *8 (noting that attorneys' fees provisions in loan agreements are enforceable).

Under New York law,[8] where—as here—"a contract provides" for fee-shifting, "the court will order the losing party to pay whatever amounts have been expended by the prevailing party,

---

[7] Although the Court reserved judgment as to whether attorneys' fees were appropriate for time spent regarding the Insurance Payment, *id.*, the Court need not decide this issue because (as detailed *infra* 16) Defendants waive such fees.

[8] In diversity cases brought in Oregon federal court, "the state law chosen by the parties to control the substantive issue under dispute also controls the issue of attorney's fees, unless doing so would circumvent a fundamental public policy of Oregon law." *Wells Fargo Bank, N.A. v. Willoughby*, 2016 WL 775752, at *1 (D. Or. Feb. 23, 2016); *see also Medford Corp. v. Crawford & Co.*, 1997 WL 408035, at *6 (9th Cir. July 17, 1997) (same). Because New York law governs the substantive breach of contract claims at issue, SJ Op. at 13 n.1, it also governs attorneys' fees.

14  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

so long as those amounts are not unreasonable." *Wistron NeWeb Corp. v. Genesis Networks Telecom Servs., LLC*, 2023 WL 5211352, at \*9 (S.D.N.Y. Aug. 14, 2023) (quoting *Diamond D Enters. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 19 (2d Cir. 1992)); *see also Vista Outdoor Inc. v. Reeves Family Tr.*, 2018 WL 3104631, at \*4 (S.D.N.Y. May 24, 2018) (same and collecting cases). Courts awarding fees based on contracts thus "need not pore over every hour and minute billed but only make adjustments for any unnecessary, unreasonable, or excessive fees." *Clarendon Nat'l Ins. Co. v. Advance Underwriting Managers Agency, Inc.*, 2011 WL 6153691, at \*2 (S.D.N.Y. Dec. 8, 2011). The presumptively reasonably fee "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (internal quotations omitted) .

Courts "typically award 'those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients.'" *Kindle v. Dejana*, 308 F. Supp. 3d 698, 705 (E.D.N.Y. 2018) (quoting *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987)).

As detailed below, Defendants are entitled to $3,742,854.27 in attorneys' fees and $274,973.01 in costs for 4,224.40 hours spent on this matter following over five years of litigation.

### A.    The Number of Hours Spent on this Case Is Reasonable

Defendants seek fees for 4,224.40 hours spent on this case—an eminently reasonable number given the litigation's complex subject matter, extended discovery, and involved motion practice driven by CH. Hours are reasonable if they reflect the amount of time a reasonable attorney would have spent on the activities in question at the time the activities were conducted. *See Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Courts review "contemporaneous records"

DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

to determine whether the number of hours expended was reasonable. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1147 (2d Cir. 1983). Defendants have provided these records as Exhibit 1 to the Ascher Declaration and Exhibits 1 and 3 to the Watnick Declaration.

At the outset, Defendants *do not* seek attorneys' fees for the following Jenner & Block LLP ("Jenner & Block") time:

- Any time spent on the case during the initial phase of Jenner & Block's engagement from January 17, 2024, through March 7, 2024;

- Any time spent responding to CH's (unsuccessful) motion for spoliation sanctions[9];

- Any time spent regarding CH's now-mooted claim for breach of contract with respect to the Insurance Payment; and

- Any time spent preparing the portion of this motion seeking attorneys' fees and costs.

Aschler Decl. ¶ 21.

Similarly, Defendants *do not* seek attorneys' fees for the following Perkins Coie LLP ("Perkins Coie") time:

- Any time spent responding to CH's (unsuccessful) motion for spoliation sanctions;

- Any time spent preparing Midland's supplemental document productions in 2025;

- Any time spent regarding CH's now-mooted claim for breach of contract with respect to the Insurance Payment;

- Any time spent preparing the portion of this motion seeking attorneys' fees and costs; and

- Any time spent by attorneys or other timekeepers who spent fewer than 5 hours on the case.

Watnick Decl. ¶26.

Moreover, Defendants do not seek fees incurred by the Loan's Directing Certificate Holder, KKR, when responding to CH's duplicative discovery requests. Ascher Decl. ¶ 6. These

---

[9] Defendants do not waive time spent drafting their sur-reply, which addressed CH's (unfounded) contention that counsel made misrepresentations to the Court. *See* Dkt. 195.

16  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

voluntary reductions reinforce the reasonableness of Defendants' motion. *See, e.g.*, *Catzin v. Thank You & Good Luck Corp.*, 2022 WL 2116682, at \*3 (S.D.N.Y. June 13, 2022) (refusing to reduce hours billed because movants "voluntarily reduced their requested fees"); *Sidley Holding Corp. v. Ruderman*, 2009 WL 6047187, at \*19 (S.D.N.Y. Dec. 30, 2009) (refusing to reduce hours billed "[e]specially" because movant "voluntarily reduced its request for fees" by cutting certain time), *report & recommendation adopted*, 2010 WL 963416 (S.D.N.Y. Mar. 15, 2010).

And courts routinely grant contract-based fees motions in mortgage disputes without applying cuts where—as here—the fee request is supported by detailed and substantive contemporaneous time entries. *See, e.g.*, *31 Prince St., LLC*, 2025 WL 1160641, at \*9 (awarding fees in loan agreement dispute without cutting number of hours); *1442 Lexington Operating DE LLC*, 2024 WL 4486058, at \*7 (same given "clear and substantive" time entries); *5615 N. LLC*, 2023 WL 7394340, at \*8 (same).

The number of hours spent on this case also reasonably reflects the challenging disputes at issue. Courts routinely recognize that cases raising "complex and intricate issues" requiring "multiple rounds of briefing" require correspondingly significant attorney time to litigate. *Adelson v. Harris*, 2018 WL 1585676, at \*3 (S.D.N.Y. Mar. 29, 2018); *see also Lawtone-Bowles v. City of New York*, 2021 WL 1326865, at \*3–4 (S.D.N.Y. Apr. 8, 2021) (attorney time reasonable given expert work on "complex" matter); *see also Earth Flag Ltd. v. Alamo Flag Co.*, 154 F. Supp. 2d 663, 669 n.3 (S.D.N.Y. 2001) (attorney time reasonable because case "addressed novel questions of law" and "questions of first impression"). This was not a routine mortgage dispute, but rather involved complex issues of first impression regarding federal preemption and the application of HB 4204; issues rendered even more complex by the dispute's commercial mortgage-backed security context and correspondingly intricate loan documents. *Supra* 3–6. The pivotal preemption

17  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

argument in this case justified retention of D.C.-based counsel with relevant expertise. The litigation also involved myriad depositions, significant document productions, a remand motion, three rounds of motion-to-dismiss briefing, motions to compel, a belated motion for leave to amend, two preceding summary judgment motions, a reconsideration motion, and a belated motion to reopen discovery. *Id.*

Time spent by counsel on this case is especially reasonable given that Defendants were required to respond to CH's time-consuming litigation strategy. *See, e.g.*, *Fleetwood Servs., LLC v. Ram Cap. Funding, LLC*, 2023 WL 112429, at *8 (S.D.N.Y. Jan. 5, 2023) (requested fees reasonable in part given motions filed by opposing counsel); *Cataphora Inc. v. Parker,* 848 F. Supp. 2d 1064, 1070 (N.D. Cal. 2012) (citation omitted) (a party "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the [the opposing party] in response"). CH's own conduct exacerbated fees in this case. CH initially brought claims that were insufficiently pled (including under a repealed statute), unsuccessfully sought remand to state court, belatedly filed an unnecessary motion to compel, moved for referral to a judicial settlement conference despite Defendants' good faith settlement overtures, cross-moved for summary judgment despite the many factual disputes required to rule in its favor, and moved to reconsider almost every aspect of this Court's well-reasoned summary judgment decision and to reopen discovery—among other time-consuming maneuvers. *See supra* 3–6. Defendants' counsel successfully opposed CH's many aggressive moves in this litigation; the requested hours are commensurate with that effort. *See Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005) ("conduct of opposing counsel" must be considered when awarding fees). Moreover, counsel efficiently handled CH's many motions by dividing tasks between firms. Ascher Decl. ¶ 5; Watnick Decl. ¶4.

18  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

Defendants are thus entitled to recover fees for the 4,224.40 hours their attorneys spent on this complex and demanding matter.

**B.    Defendants' Requested Hourly Rates Are Reasonable**

The Court should also award attorneys' fees based on the hourly rates counsel charged Defendants, which are below or comparable to hourly rates charged by similarly credentialed counsel at large firms with successful track records litigating complex disputes, and which therefore reflect rates typical clients in Defendants' position are willing to pay.

Reasonable hourly rates are determined based on "all case-specific variables," such as "the time and labor required," "the novelty and difficulty of the questions," "the level of skill required to perform the legal service properly," "the attorney's customary hourly rate," "the results obtained," "the experience, reputation, and ability of the attorneys," "the nature and length of the professional relationship with the client," and "awards in similar cases." *Lilly v. City of New York*, 934 F.3d 222, 228, 230 (2d Cir. 2019) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 186 n.3 (2d Cir. 2008)); *see also Vista Outdoor Inc.*, 2018 WL 3104631, at *4.

Courts "may use an out-of-district hourly rate—or some rate in between the out-of-district rate sought and the rates charged by local attorneys—in calculating the presumptively reasonable fee if"—as in this case—"it is clear that a reasonable, paying client would have paid those higher rates." *Arbor Hill Concerned Citizens Neighborhood Ass'n*, 522 F.3d at 191; *see also RMP Cap., Corp. v. Victory Jet, LLC*, 40 Misc.3d 1243(A), at *7 (N.Y. Sup. Ct., Suffolk Cnty., 2013) (invoking *Arbor Hill* in fees context); *cf. Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997) (internal quotations omitted) ("[R]ates outside the forum may be used if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone: 503.727.2000

of experience, expertise, or specialization required to handle properly the case."). Fees paid "by a sophisticated client . . . are entitled to a presumption of reasonableness." *Red Tree Invs., LLC v. Petroleos de Venezuela, S.A.*, 2022 WL 17834945, at *7 (S.D.N.Y. Nov. 29, 2022).

As detailed in the Ascher Declaration and the Watnick Declaration, Defendants seek between $1,241 and $1,517.25 per hour for work performed by New York and D.C.-based Jenner & Block partners; between $892.50 and $943.50 per hour for work performed by New York, D.C., and Chicago-based Jenner & Block associates; $420.75 per hour for Jenner & Block paralegals; between $805 and $1,155 per hour for Portland-based Perkins Coie partners; between $825 and $960 per hour for Portland-based Perkins Coie associates or counsel; and between $330 and $515 per hour for Perkins Coie paralegals and librarians. Ascher Decl. ¶ 24; Watnick Decl. ¶ 28. These rates are at or below than the firms' standard rates. Ascher Decl. ¶ 24; Watnick Decl. ¶ 28.

Defendants reasonably retained counsel based outside the forum for this litigation given the complex matters of first impression at issue. *Supra* 3–6. Indeed, CH itself retained counsel based in downtown Portland rather than Eugene. And it was particularly reasonable for Defendants to engage New York-based counsel given the Loan Agreement's New York choice-of-law provision, as well as D.C.-based counsel given the role of federal preemption in this case. As a result, the Court should consider reasonable hourly rates charged by similarly large firms for attorneys based in New York, D.C., and Portland—as courts in other forums have done when "out-of-district counsel was likely to produce a substantially better result," *Horror Inc. v. Miller*, 2022 WL 4473426, at *5 n.3 (D. Conn. Sept. 26, 2022) (awarding Southern District of New York rates), the case involved "unique and complex issues," *La. Generating LLC v. Ill. Union Ins. Co.*, 2014 WL 1270049, at *4 (M.D. La. Mar. 27, 2014) (awarding Southern District of New York rates), or the case required the "assistance of specialized attorneys," *Maddaloni v. Pension Tr. Fund of*

20  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

*Pension, Hospitalization & Benefit Plan of Elec. Indus.*, 2023 WL 7000885, at \*6 (E.D.N.Y. Sept. 1, 2023); *see also DLJ Mortg. Cap., Inc. v. U.S. Money Source, Inc.*, 2008 WL 115063, at \*4 (N.D. Ga. Jan. 9, 2008) (deeming requested New York hourly rates reasonable in breach-of-contract case governed by New York law); *Citizens Ins. Co. of Am. v. KIC Chemicals, Inc.*, 2007 WL 2902213, at \*4–6 (W.D. Mich. Oct. 1, 2007) ("New York connections" to case justified New York rates); *Wright v. Keller Lumber Co.*, 2016 WL 1271670, at \*2 (D. Or. Mar. 30, 2016) (applying Portland hourly rates in Eugene Division action).

Jenner & Block's hourly rates are consistent with recent rates approved by New York and D.C. courts for counsel of similar caliber. Jenner & Block is an internationally recognized law firm with more than 500 lawyers across the United States and United Kingdom. Ascher Decl. ¶ 8. Jenner & Block's precedent-setting legal work has shaped the direction of law, business, and policy for decades, including significant Supreme Court battles. *Id.* As detailed in the Ascher Declaration, counsel have decades of experience litigating complex, precedent-setting disputes, including before the Supreme Court. *Id.* ¶¶ 10–15. Counsel also have substantial experience litigating in the financial services industry. *Id.*. Moreover, counsel graduated from top law schools and completed federal judicial clerkships. *Id.*.

The requested rates are thus reasonable given counsel's experience and credentials. *See, e.g.*, *Bobulinski v. Tarlov*, 2025 WL 872178, at \*2 (S.D.N.Y. Mar. 20, 2025) (rates charged by defense counsel were reasonable based in part on impressive resumes, clerkship experience, and lengthy careers); *White v. Apple Bank for Sav.*, 658 F. Supp. 3d 151, 157 (S.D.N.Y. 2023) (rates reasonable because attorneys were "experienced litigators with impressive credentials"). The requested rates are also on par with those New York and D.C. courts have recently awarded to sophisticated counsel. *See, e.g.*, *An v. Despins*, 2024 WL 1157281, at \*1, 4 (S.D.N.Y. Mar. 18,

21  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

2024) (approving up to $1,760 per hour for partners and $895 per hour for associates at Davis Polk & Wardwell LLP in light of "rates charged by similarly situated law firms of equivalent skill, status, and reputation"); *Wells Fargo Tr. Co., N.A. v. Fast Colom. S.A.S.*, 2023 WL 8591953, at *6–9 (S.D.N.Y. Oct. 16, 2023), *report & recommendation adopted*, 2023 WL 8433128 (S.D.N.Y. Dec. 5, 2023) (approving $1,400 per hour for lead partner, over $1,000 per hour for more junior partners and over $900 per hour for associates at White & Case LLP in light of rates charged by "large firms working on complex matters for willing clients"); *Ubnare v. Trillian Techs., Inc.*, 2025 WL 3625892, at *3 (D.D.C. Dec. 15, 2025) (deeming $1,141 per hour for attorney with about 20 years of experience reasonable); *Segar v. Garland*, 2024 WL 4332615, at *6–7 (D.D.C. 2024) (approving $940 per hour rate for WilmerHale partner's time in complex case); *Nat'l Veterans Legal Servs. Program v. United States*, 724 F. Supp. 3d 1, 28–30 (D.D.C. 2024) (approving fees based on "actual rates"); *Young Innovations, Inc. v. US Dental, Inc.*, 2024 WL 5432079, at *1 (N.D. Ill. Apr. 10, 2024) (approving third-year associate rates of "slightly under $1,000 per hour"). Moreover, the rates charged to Defendants in this case are below Jenner & Block's standard rates. Ascher Decl. ¶ 24.

Defendants' requested rates for Jenner & Block's paralegals and library staff are similarly reasonable. *See, e.g.*, *Wells Fargo Tr. Co., N.A.*, 2023 WL 8591953, at *6–9 (awarding over $400 per hour for time incurred by legal assistant at White & Case LLP).

Rates charged by Oregon-based Perkins Coie counsel are also reasonable in light of counsel's credentials and the firm's stature. Perkins Coie is a leading international law firm with 21 offices in the United States, Asia, and Europe. Watnick Decl. ¶ 10. For more than a century, Perkins Coie has been at the forefront of cutting-edge legal issues. *Id.* ¶¶ 12–19. As detailed in the Watnick Declaration, counsel has many years of experience litigating complex commercial

22  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

disputes, including with respect to loan modifications and reorganizations. *Id.* Counsel also holds degrees from high-ranking law schools and clerked for federal judges. *Id.* Moreover, the rates charged to Defendants in this case are at or below Perkins Coie's standard rates. *Id.* ¶ 28.

Perkins Coie's rates are also comparable to rates awarded to similarly sophisticated counsel based in downtown Portland. *See, e.g.*, *Denton v. Shriners Hospital for Children*, 2025 WL 2653173, at *3 (D. Or. Sept. 16, 2025) (awarding up to $975 per hour for partners and up to $760 per hour for associates); *Trinh v. Shriners Hospitals for Children*, 2025 WL 2972667, at *5–6 (D. Or. Oct. 21, 2025) (awarding up to $975 per hour for partners); *JS Halberstam Irrevocable Grantor Tr. v. Davis*, 2022 WL 1449106, at *2, 5 (D. Or. May 9, 2022) (approving a settlement in a derivative securities action with reasonable rates up to $1,050 because "these are reasonable hourly rates for complex federal litigation in the relevant communities"). Moreover, Perkins Coie's rates are reasonable in light of the Oregon State Bar's 2022 survey, which (adjusted for inflation) reflects rates for downtown Portland attorneys working on business litigation matters (without accounting for seniority) up to $892 per hour, and for attorneys with over 30 years of experience (without accounting for practice area) up to $919 per hour. [10]

Defendants' requested rates for paralegals are also reasonable. *See, e.g.*, *Trinh*, 2025 WL 2972667, at *5 (typical paralegal rates in Portland area up to $560 per hour); *Denton*, 2025 WL 2653173, at *3 (approving $470 per hour rate for Portland paralegal).

The Court should therefore award fees based on the reasonable hourly rates Defendants agreed to pay.

---

[10] The Oregon State Bar's 2022 survey is available at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.  Rates in the survey were adjusted for inflation using the U.S. Bureau of Labor Statistics' CPI inflation calculator, available at https://www.bls.gov/data/inflation_calculator.htm.

23  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000

### C.    Defendants' Costs Are Reasonable

In addition to attorneys' fees, Defendants seek costs for court fees, copying costs, messenger costs, deposition expenses, legal research, expert expenses, and discovery vendor costs. Such routine costs are detailed in Exhibit 2 to the Ascher Declaration and Exhibits 2 and 4 to the Watnick Declaration. *See Zimmerman v. Portfolio Recovery Assocs., LLC*, 2013 WL 6508813, at *12–13 (S.D.N.Y. Dec. 12, 2013) (recoverable costs include, among other things, "filing fees, process server expenses, travel expenses, court reporting fees, . . . postage and copying expenses[,] . . . witness, and deposition fees, as well as computerized legal research costs," and collecting cases); Ascher Decl. Ex. 2; Watnick Decl. Exs. 2 & 4.

### IV.    The Court Should Enter Judgment Against Lawson as Guarantor.

Section 1.2(b)(11) of the Guaranty provides that the Loan's obligations are "fully recourse" to Lawson where CH raises a defense to payment that is "frivolous, brought in bad faith," or "without merit (in the case of a defense)[.]" Furay Decl. Ex. 2 at 4–5, § 1.2(b)(11). Because CH has defaulted on its obligations and the Loan has been accelerated, and because CH's HB 4204 defense is meritless, Defendants are entitled to recover against Lawson under the plain terms of the Guaranty. *See, e.g.*, *Sterling Sav. Bank v. JHM Props., LLC*, 717 F. Supp. 2d 1142, 1144, 1149 (D. Or. 2010) (granting judgment against guarantor in light of default and lack of cognizable defenses); *ATX Debt Fund 1, LLC v. Paul*, 2024 WL 324780, at *4–5 (S.D.N.Y. Jan. 29, 2024) (same). The Court should enter judgment against Lawson, holding him liable to satisfy any judgment rendered against CH.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court issue an Order: (1) providing that the amount due and owing to Defendants as of approximately October 5, 2025, is at least $24,058,201.29, to be updated following oral argument or an evidentiary hearing; (2)

setting a date for Defendants to file a proposed judgment, along with updated information to reflect additional amounts due since approximately October 5, 2025, with a deadline for CH and Lawson to file any objections thereto; and (3) setting a date for Defendants to file a proposed judgment of foreclosure and sale in the event CH and Lawson fail to satisfy the judgment.

DATED January 23, 2026.

**PERKINS COIE LLP**

By:/s/ *Douglas R. Pahl*
Douglas R. Pahl, OSB No. 950476
DPahl@perkinscoie.com
David Watnick, OSB No. 223386
DWatnick@perkinscoie.com
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Telephone: 503.727.2000

*Attorneys for Defendants/Counter-Claimants Wilmington, Midland, and Beacon*

**JENNER & BLOCK LLP**

By:/s/ *Stephen L. Ascher*
Stephen L. Ascher (admitted *pro hac vice*)
SAscher@jenner.com
Anna M. Windemuth (admitted *pro hac vice*)
AWindemuth@jenner.com
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036-2711
Telephone: +1 212 891 1600
Facsimile: +1 212 891 1699

*Attorneys for Defendants/Counter-Claimants Wilmington and K-Star*

25  DEFENDANTS' MOTION FOR
RELIEF AND ENTRY OF JUDGMENT

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, Oregon 97209-4128
Phone:  503.727.2000