IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CORVALLIS HOSPITALITY, LLC, *an Oregon limited liability company* | Case No. 6:22-cv-00024-MC, Lead Case |
| | Case No. 6:22-cv-00993-MC, Consolidated Case |
| Plaintiff, | |
| v. | |
| WILMINGTON TRUST, NATIONAL ASSOCIATION *as Trustee for the Benefit of the Holders of LCCM 2017-LC26 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2017-LC26*; MIDLAND LOAN SERVICES, INC., *a Delaware corporation*; BEACON DEFAULT MANAGEMENT, INC., *a California corporation*; and K-STAR ASSET MANAGEMENT, LLC, *a Delaware limited liability company*, | OPINION AND ORDER |
| Defendants. | |

MCSHANE, Judge:

Plaintiff Corvallis Hospitality, LLC ("CH") took out an $18 million loan backed and serviced by Defendants.[1] After protracted litigation, this Court found CH breached its obligations under the Loan Agreement. *See* Sep. 11, 2025, Am. Op. & Order 13, ECF No. 201. On account of Plaintiff's breach, Defendants asked this Court to declare what CH owes them according to the

---

[1] Defendant Wilmington Trust is Plaintiff in Consolidated Case *Wilmington Trust*, *National Association v. Lawson*, No. 6:22-cv-00993-MC. All ECF citations in this Opinion refer to the Docket in the Lead Case, *Corvallis Hospitality, LLC v. Wilmington Trust, National Association et al.*, No. 6:22-cv-00024-MC. Accordingly, the Court refers to CH as "Plaintiff" and Defendants in the Lead case as "Defendants."

1 – Opinion and Order

terms of the Loan Agreement. Defs.' Mot. for J. & Relief 1, ECF No. 217. CH now moves to strike certain exhibits supporting Defendants' Motion for Relief and Entry of Judgment, arguing they lack adequate foundation, are inadmissible hearsay, and/or are improper summaries. Mot. to Strike 1, ECF No. 233. Because the evidence at issue is admissible, Plaintiff's Motion to Strike, ECF No. 233, is **DENIED**.

## BACKGROUND

The facts giving rise to Plaintiff's claims are well-documented. *See, e.g.,* Sep. 11, 2025, Am. Op. & Order. What follows is a brief refresher on key facts and procedure.

In 2017, CH took out a loan from Defendants in the amount of $18,000,000. McKee MSJ Decl. ¶ 4, ECF No. 158. During the COVID-19 pandemic, CH did not make required payments on the Loan from May through October 2020. *Id.* Ex. L, at 1–2. Defendant Wilmington notified CH that the Loan was in default and then accelerated it, rendering all outstanding amounts then due and payable. *Id.*

Ultimately, the Court found CH had breached its Loan obligations by missing required payments in 2020. Sep. 11, 2025, Am. Op. & Order 13. On January 5, 2026, the Court held a status conference and instructed the parties to submit briefs on the issue of CH's outstanding financial obligations on account of the breach. Jan. 5, 2026, Hr'g Tr., ECF No. 216. Defendant moved for relief and entry of judgment on what CH owes under the Loan Agreement, including reasonable attorney fees and costs. Defs.' Mot. for J. & Relief.

Contrary to CH's contentions, H.B. 4204 did not prevent Defendants from declaring the Loan in default because this Court found the National Banking Act preempts H.B. 4204. Sep. 11, 2025, Am. Op. & Order 13. Because CH failed to make payments in May through October 2020 and H.B. 4204 was preempted, CH breached the Loan Agreement. *Id.*

CH filed a Response in Opposition to Defendants' Motion for Relief and Entry of Judgment

and simultaneously filed this Motion to Strike. *See* Pl.'s Resp. in Opp'n, ECF No. 228; Mot. to Strike.

CH urges this Court to strike: (1) Exhibits 3 and 7 through 13 of the Furay Declaration, ECF No. 219; (2) certain statements in the Furay Declaration; and (3) the legal fee exhibits of the Ascher and Watnick Declarations, ECF Nos. 218, 220. *See* Mot. to Strike 1, 3.

## LEGAL STANDARD

Federal Rule of Civil Procedure 56(c)(4) requires declarations supporting or opposing a summary judgment motion to "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

Rule 56(c)(2) provides "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2); *cf. Loomis v. Cornish*, 836 F.3d 991, 996–67 (9th Cir. 2016) (plaintiff's claim fails summary judgment because he did not submit potentially admissible evidence to support his argument).

Courts at the summary judgment stage consider evidence "[i]f the contents of a document can be presented in a form that would be admissible at trial." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 666 (9th Cir. 2021). For instance, when a document's author can testify to its contents on the stand, "that the document itself might be excludable hearsay provides no basis for refusing to consider it on summary judgment." *Id.*; *see also Fraser v. Goodale*, 342 F.3d 1032, 1036–37 (9th Cir. 2003) (considering plaintiff's diary at summary judgment because its contents "could be presented in an admissible form at trial.").

## DISCUSSION

To start, the Court notes CH erroneously asserts evidentiary objections in a separate motion, rather than in its response to Defendants' Motion for Relief and Entry of Judgment. *See*

3 – Opinion and Order

L.R. 56-1(b), D. Or. (2025) (At summary judgment, "[r]ather than filing a motion to strike, a party must assert any evidentiary objections in its response or reply memorandum.").

The parties agree the Court should review this round of motion practice under the standards of Federal Rule of Civil Procedure 56. *See* Mot. for J. & Relief 1; Mot. to Strike 2. CH thus erred by raising its evidentiary objections separately. The Court nevertheless construes CH's Motion to Strike as an objection under Federal Rule of Civil Procedure 56(c)(2) and reviews the admissibility of the evidence.

## I.      **<u>The Summary Exhibits to the Furay Declaration are admissible.</u>**

CH asserts Exhibits 3 and 7 through 13 of the Furay Declaration ("Loan Exhibits") lack adequate foundation to satisfy the business records exception to the rule against hearsay. Mot. to Strike 3.[2]

The Loan Exhibits capture previous Loan transactions and present accounting summaries of outstanding amounts allegedly owed by CH:

> Exhibit 3: Loan's transaction history
> Exhibit 7: Payoff review form (basic summary table of outstanding amounts, by category)
> Exhibit 8: Default interest table
> Exhibit 9: Late fees calculation
> Exhibit 10: Outstanding expenses table
> Exhibit 11: Yield maintenance premium summary
> Exhibit 12: Special servicing fees table
> Exhibit 13: Interest on advances table

*See* Furay Decl.

CH alleges Furay lacks the requisite personal knowledge to establish the Loan Exhibits as business records under Federal Rule of Evidence 803(6). Mot. to Strike 4–5. CH further argues the

---

[2] The Furay Declaration includes 14 exhibits to prove up CH's financial obligations resulting from the breach and Defendants' enforcement of the Loan. *See* Furay Decl., ECF No. 219.

Loan Exhibits "were not made or kept in the course of regularly conducted [business] activity." *Id.* 5. Finally, CH objects on the basis they are inadmissible summaries of business records. *Id.* 6.

The Court first analyzes whether Mr. Furay possesses sufficient personal knowledge to establish foundation for the Loan Exhibits to come in under the business records exception to hearsay. A business record under Rule 803(6) must be (1) made contemporaneously, (2) made by someone with knowledge, (3) kept in the regular course of business, (4) made as the regular practice of a business, and (5) accompanied by testimony of a custodian or qualified witness. *E.g., MRT Constr. Inc. v. Hardrives, Inc.*, 158 F.3d 478, 483 (9th Cir. 1998) (quoting Fed. R. Evid. 803(6)).

An affiant does not have to be the custodian of records to establish their foundation as business records. *E.g., U.S. v. Childs*, 5 F.3d 1328, 1334 (9th Cir. 1993). The affiant must know about the record-keeping, but need not be "an employee of the business or someone with knowledge about how the reports were made or maintained." *ABS Ent., Inc. v. CBS Corp.*, 908 F.3d 405, 426 (9th Cir. 2018) (distinguishing witness's qualifications to establish the foundation for business records from cases in which a party also contests the accuracy of the records.).

Courts routinely admit records that incorporate information predating a declarant's time as servicer of a loan or account. *See, e.g., U.S. Bank Tr., N.A. as Tr. for LSF9 Master Participation Tr. v. Jones*, 925 F.3d 534, 537 (1st Cir. 2019) (finding a representative of a successor business qualified to establish foundation for a loan account summary); *NDFI, LLC v. Cunningham*, 24-cv-00002 (NCM) (JAM), 2025 WL 3295069, at *6 (E.D.N.Y. Nov. 26, 2025) (admitting loan history summary document that incorporated records of prior servicers).

And the Ninth Circuit has held that "records a business receives from others are admissible" when "they are kept in the regular course of that business, relied upon by that business,

and where that business has a substantial interest in the accuracy of the records." *MRT Constr., Inc.*, 158 F.3d at 483 (admitting attorney bills generated by a third-party law firm in part because defendant had a substantial interest in their accuracy).

Mr. Furay is qualified to establish foundation for the Loan Exhibits. Since 2022, Mr. Furay has been the Loan's special servicing asset manager responsible for recovering CH's outstanding debt. Furay Decl. ¶¶ 1, 3. CH's argument that Mr. Furay lacks sufficient personal knowledge because the records reflect information pre-dating his role as special servicer lacks merit. *See* Mot. to Strike 4–5; *cf. Childs.*, 5 F.3d at 1334 n.3 (distinguishing *NLRB v. First Termite Control Co.*, 646 F.2d 424 (9th Cir. 1981), because the affiants in *Childs* relied on the records at issue and "had substantial interest in their accuracy.").

Mr. Furay declared that the facts and Exhibits in his declaration stem from his "personal knowledge and review of business records maintained by Lender." Furay Decl. ¶ 4. "Lender creates, receives, and maintains records," including the Loan Exhibits, "in the regular course of Lender's business activities." *Id.* Mr. Furay's employer, Defendant K-Star, incorporated Lender's records into its own business records and "routinely relies upon such records in the ordinary course of its day-to-day business as special servicer." Furay Reply Decl. ¶ 4. Mr. Furay is also familiar with K-Star's record-keeping practices. *Id.* As the Loan's special servicer, K-Star has substantial interest in the accuracy of the Loan Exhibits and any underlying records, which CH does not meaningfully contest. The Court is satisfied that Mr. Furay can lay sufficient foundation under Rule 803(6).

The Court now turns to CH's contention that the Loan Exhibits are inadmissible because they were prepared for litigation. A record prepared specifically for litigation may still be admissible if generated from databases maintained in the ordinary course of business. *U-Haul Int'l,*

*Inc. v. Lumbermens Mut. Cas. Co.*, 576 F.3d 1040, 1043–44 (9th Cir. 2009). Mr. Furay attests that K-Star creates, receives, and maintains the underlying records in the regular course of its business activities on behalf of Lender. Furay Reply Decl. ¶ 4. This Court will not exclude any Loan Exhibits on this basis.

Finally, the Court disagrees that the Loan Exhibits are inadmissible summaries. Exhibits summarizing loan and payment information are admissible under the business records exception when: (1) the underlying data were entered contemporaneously; (2) the person who entered the data knew of the payment event; (3) the data were kept in the regular course of business; and (4) the declarant is qualified to establish these requirements. *U-Haul Int'l*, 576 F.3d at 1044. Mr. Furay declares that the Loan Exhibits meet the *U-Haul Int'l* requirements. Furay Reply Decl. ¶ 4. The Court denies CH's Motion to Strike as to the Loan Exhibits.

II.    <u>**The challenged statements in the Furay Declaration are admissible.**</u>

CH objects to any portion of Mr. Furay's Declaration that "purports to interpret the Loan Agreement." Mot. to Strike 11. According to CH, these paragraphs amount to impermissible legal conclusions. *Id.* Not so. The paragraphs at issue simply compile provisions of the Loan Agreement that inform calculations of what CH owes.

For instance, CH argues Paragraph 12 of Mr. Furay's Declaration amounts to a legal conclusion. Mot. to Strike 11. But this Paragraph provides in part that Lender can accelerate the Loan upon default, which is just a recitation of straightforward contract terms. Furay Decl. ¶ 12. The Court fails to see this as an impermissible interpretation of the Loan Agreement, as Mr. Furay can testify as to the details of the Loan Agreement's terms. *See, e.g., U.S. ex rel. Jordan v. Northrop Grumman Corp.*, CV 95-2985 ABC (Ex), 2003 WL 27366315, at *3 (C.D. Cal. Mar. 10, 2003) (admitting witness's calculations based on reliability requirements directly derived from the

contract).

### III.    The billing summary exhibits to the Ascher and Watnick Declarations are also admissible.

CH alleges Defendants have not established a foundation for admitting time entry exhibits ("Billing Exhibits") for Perkins Coie and Jenner & Block because CH has not been able to inspect the invoices. Mot. to Strike 9; *see also* Ascher Decl. Exs.1–2; Watnick Decl. Exs. 1–4.

First, attorney billing records can fall within the business records exception to hearsay. *See, e.g., Antoninetti v. Chipotle Mexican Grill, Inc.*, 49 F.Supp.3d 710, 717 (S.D. Cal. 2014) (admitting attorney billing records under Rule 803(6)). The Ascher and Watnick Declarations state that the Billing Exhibits accurately reflect contemporaneous time entries for work billed in support of this matter. Ascher Decl. ¶¶ 18–24; Watnick Decl. ¶¶ 21–25. The Declarations thus lay sufficient foundation for the Billing Exhibits.

Next, although the Billing Exhibits are not invoices, they contain detailed time entries in spreadsheet form. The hourly fee spreadsheets, for instance, include the attorney's name, amount of time charged, billing rate, a task description, and the fee amount. *See, e.g., In re Capacitors Antitrust Litig.*, No. 3:14-cv-03264-JD, 2022 WL 3137938, at *1 (N.D. Cal. Jul. 26, 2022) (analyzing fee request based on Excel spreadsheet with detailed line entries). Further, CH does not raise any legitimate question as to the accuracy of the entries. The Billing Exhibits satisfy the requirements for admission as business records.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

8 – Opinion and Order

## **CONCLUSION**

Because the challenged evidence is admissible, Plaintiff's Motion to Strike, ECF No. 233, is **DENIED**.

IT IS SO ORDERED.

DATED this 5th day of June 2026.

_____s/Michael J. McShane_____
Michael McShane
United States District Judge
